UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR WEEKS,<br><br>    Plaintiff<br><br>    v.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>    Defendant | CASE NO. 1:13-CV-1641 AWI JLT<br><br>ORDER ON PLAINTIFF'S EX PARTE APPLICATION TO EXTEND TIME<br><br>(Doc. No. 31) |

    Trial in this matter is set for August 4, 2015, and the pre-trial conference is set for June 3, 2015. On March 2, 2015, Defendant filed a motion for summary judgment. Hearing on this motion was set for April 6, 2015. On March 31, 2015, the Court took the motion under submission; Plaintiff had not filed an opposition.

    On April 9, 2015, Plaintiff's counsel filed an ex parte application to extend time to file an opposition. See Doc. No. 31. Plaintiff's application indicates that Plaintiff's counsel is effectively operating as a solo practitioner, he was experiencing family and health related issues around the time that Defendant's motion was filed, his legal assistant (who is the only other person in the office) was sick for several days near the beginning of March, his legal assistant did not notice that Defendant had filed the motion, and counsel relies on his legal assistant to print and keep track of motions filed electronically. See id. Plaintiff's counsel argues that there is no harm to Defendant, there only is a minimal delay that will not affect proceedings because trial is set for August 2015, the reason for the delay was an administrative error, and that he is acting in good faith. See id.

    Federal Rule of Civil Procedure 6(b)(1) provides, "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after

the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. Pro. 6(b)(1)(B). "'Good cause' is a non-rigorous standard," and Rule 6(b)(1) is "liberally construed to effectuate the general purposes of seeing that cases are tried on the merits." Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010). To determine whether there is "excusable neglect," courts consider: (1) the danger of prejudice to the opposing party, (2) the length of the delay, (3) the reason for the delay, and (4) whether the movant acted in good faith. Warkentin v. Federated Life Ins. Co., 594 Fed. Appx. 900 (9th Cir. 2014).

Here, the Court is satisfied that Plaintiff has demonstrated excusable neglect and good cause. The Court sees no danger of prejudicing Defendant since only an opposition to a fully briefed summary judgment motion is at issue. There will be some delay in proceedings, but the delay will be only a matter of several weeks, and it appears (at this point at least) that the trial and pre-trial conference dates will remain in place. The reason for the delay is due to administrative error, and no bad faith is apparent. Given the non-rigorous standards involved for "good cause," the purposes of Rule 6(b)(1), and the declaration of Plaintiff's counsel, the Court will grant Plaintiff's motion and extend the time to file an opposition.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's ex parte application for additional time (Doc. No. 31) is GRANTED;
2. Plaintiff may file an opposition to Defendant's motion for summary judgment on or by April 20, 2015; and
3. Defendant may file a reply to Plaintiff's opposition on or by April 27, 2015.[1]

IT IS SO ORDERED.

Dated:   April 10, 2015

_____
SENIOR DISTRICT JUDGE

---

[1] If, after having reviewed the submissions of the parties, the Court determines that a hearing on Defendant's motion would be beneficial, the Court will set a hearing date at that time. Otherwise, the Court will decide the matter on the papers after receiving Defendant's reply. See Local Rule 230.