# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR WEEKS,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>　　　　Defendant | CASE NO. 1:13-CV-1641 AWI JLT<br><br>ORDER REGARDING DEFENDANT'S REQUEST TO FILE SECOND SUMMARY JUDGMENT MOTION<br><br>(Doc. No. 44) |

   On October 7, 2015, the Court issued an order on Defendant's motion for summary judgment. See Doc. No. 43. As part of the order, the Court gave both parties the opportunity to file additional motions – a motion to amend for Plaintiff and a second summary judgment motion for Defendant. See id. However, the Court put restrictions on the parties. See id. First, the Court required the parties to have a good faith belief in the merits of their motion, consistent with Rule 11. See id. Second, the Court required the parties to meet and confer. See id. In pertinent part, the Court held: "Prior to the parties pursuing either a motion to amend or a second summary judgment motion, the parties are to meet and confer in order to help determine the advisability of pursuing either motion. The failure of a party to meet and confer will result in the denial of that party's motion." Id. The Court gave Defendant 14 days in which to file a request to pursue a second summary judgment motion.

   On October 21, 2015, Defendant filed a request and statement of intent to file a second summary judgment motion. See Doc. No. 44. In that request, defense counsel explains that it has a good faith belief that no genuine dispute of material fact exists, but that it may not file a motion if it later determines that a genuine dispute of material fact does exist. See id. Defense counsel

then states: "On more than one occasion, Defendant has reached out to Plaintiff's new counsel to meet and confer regarding Defendant's intent to seek leave to file a second summary judgment motion. In one e-communication, Defendant asked counsel to identify specific times during which counsel would be available to discuss the issues raised in the Order. Defendant did not receive a response. Defendant will continue to reach out to counsel." Id.

Also on October 21, 2015, Plaintiff filed a response. See Doc. No. 45. Plaintiff's counsel states that she "disagrees that defendant's counsel attempted to meet and confer with plaintiff's counsel as the Court ordered counsel to do prior to filing defendant's instant request. Plaintiff's counsel is now and has always been available to meet and confer during this 14-day period – via telephone, e-mail, U.S. Mail, fax or text, but has received no meet and confer communication from defendant's counsel." Id. (emphasis in original). Plaintiff's counsel then states that Defendant's request should be denied or Defendant should be made to meet and confer prior to the Court considering Defendant's request. See id. Plaintiff's counsel also indicates that she intends to pursue a motion to amend with the Magistrate Judge. See id.

The Court is very dismayed by the parties' October 21 filings. Defense counsel states that he attempted to contact Plaintiff's counsel "on several occasions," but he does not state when or how those attempts were made. Plaintiff's counsel states the she received no attempts to meet and confer, but was available to meet within the 14 day period through a number of mediums. When the Court issues an order that requires parties to meet and confer, the Court expects its orders to be followed and the parties to act in good faith. The parties' October 21 filings do not indicate good faith, and the situation is unacceptable.

The Court will give the parties another opportunity to meet and confer. The meet and confer will be through either telephone conversation(s) or face to face meeting(s) – fax, text, and e-mail are insufficient. The meet and confer session(s) shall be conducted in good faith and shall involve a legitimate discussion of the issues and possible material disputed facts. Perfunctory conversations are insufficient. If the parties do not meet and confer within the time allotted, and the Defendant still wishes to proceed on a second summary judgment motion, Defendant shall file a notice that includes a description of the meet and confer efforts, including the date and time and

medium that a meet and confer attempt was made, as well as the Plaintiff's response (if any) to the attempt. If the Court finds that Defendant made a good faith effort to attempt to meet and confer, but Plaintiff did not adequately cooperate, then Defendant will be permitted to file a second summary judgment motion and Plaintiff's counsel will be ordered to show cause why she should not be sanctioned. This procedure will also apply with respect to Plaintiff's motion to amend, should the case progress to that point. Whichever party the Court determines is responsible for a failure to meet and confer will face the withdrawal of permission to file the motion in question (either the motion to amend or the second summary judgment motion), monetary sanctions, or both.[1]

The Court expects both parties to use best to comply with the Court's orders. The Court does not expect to have to issue further orders or warnings.

Accordingly, IT IS HEREBY ORDERED that:

1. As soon as possible, but no later than fourteen (14) days from the date of service of this order, the parties shall meet and confer regarding a second summary judgment motion by Defendant;

2. No later than five (5) days after the parties have met and conferred (as described above), Defendant shall notify the Court whether it wishes to file a second summary judgment motion;

3. The October 7, 2015 order's 28-day deadline for the parties to contact the Magistrate Judge is VACATED, and will be reset at a later time.

IT IS SO ORDERED.

Dated:   October 23, 2015

SENIOR DISTRICT JUDGE

---

[1] Of course, if a party decides that it does not wish to pursue a motion, no meet and confer effort is necessary.