# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR WEEKS,<br><br>　　　　Plaintiff<br><br>　　　v.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>　　　　Defendant | CASE NO. 1:13-CV-1641 AWI JLT<br><br>ORDER REGARDING DEFENDANT'S SECOND REQUEST TO FILE SECOND SUMMARYJUDGMENT MOTION<br><br>(Doc. No. 47) |

　　　On November 13, 2015, Union Pacific filed a notice of meet and confer and a request to file a second summary judgment motion. On November 16, 2015, Weeks filed a response. Part of the response indicates that Weeks has information regarding the March 2015 Notice of Discipline ("March NOD") and jobs that were available for him around that time. Weeks contends that because this evidence would preclude summary judgment, it would be futile for Union Pacific to file a summary judgment motion.

　　　After reviewing the parties' submissions, the Court believes that some clarification is in order. The only claims that are at issue in this case are the claims that are found in the Original Complaint (Doc. No. 1). A second summary judgment would be limited only to the remaining claims that are fairly reflected in the Original Complaint. The claims in the Original Complaint do not encompass the March NOD, and there are no claims based on the March NOD in this case. Therefore, a second summary judgment motion would not address the March NOD, and any evidence that Weeks may have in relation to the March NOD would not preclude summary judgment on the remaining claims in the Original Complaint. Therefore, the Court will permit Union Pacific to file a second summary judgment motion.

　　　However, given the nature of Weeks's response (that the motion would be futile because of evidence surrounding the March NOD), it may be beneficial for the parties to meet and confer

once more.  For purposes of the second summary judgment motion, the meet and confer should address evidence that pertains to the claims that are fairly reflected in the Original Complaint – not evidence surrounding the March NOD.

In terms of the March NOD, Weeks's counsel has represented that an EEOC right to sue letter has been obtained, and a proposed amended complaint has been submitted to Union Pacific's counsel for review.  The parties shall meet and confer regarding the proposed amended complaint.  If an agreement to file the amended complaint is reached, Weeks may file it.  If no agreement is reached, Weeks may file a motion to amend the complaint with the Magistrate Judge or file a second lawsuit based on the March NOD and a notice of related cases.

It is the Court's intention to determine whether genuine disputed issues of material fact exist with respect to the claims that remain pending in the Original Complaint.  If Weeks' proposed amended complaint is filed, it will not affect Union Pacific's second summary judgment motion <u>unless</u> it omits the claims that are the subject of the second summary judgment motion.

Accordingly, IT IS HEREBY ORDERED that:

1. The parties are to continue to meet and confer as described above in good faith;
2. Defendant may file a second summary judgment motion no later than January 4, 2016;
3. Plaintiff may file an opposition within fourteen (14) days of service of the summary judgment motion;
4. Defendant may file a reply within seven (7) days of service of the opposition; and
5. The parties are to complete their meet and confer efforts as soon as possible, but no later than December 4, 2015.

IT IS SO ORDERED.

Dated:   November 17, 2015                  _____
                                             SENIOR  DISTRICT  JUDGE

2