UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TREVOR WEEKS, | ) | Case No.: 1:13-cv-01641 - AWI-JLT |
| Plaintiff, | )<br>)<br>) | ORDER DENYING PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT |
| v. | ) | (Doc. 56) |
| UNION PACIFIC RAILROAD COMPANY, | )<br>) | ORDER VACATING HEARING ON THE MOTION |
| Defendants. | )<br>) | |

Trevor Weeks asserts his employer Union Pacific Railroad Company has discriminated against him unlawfully.  He seeks leave to file a first amended complaint, asserting that "[n]ew facts and evidence have developed and have come to Plaintiff's attention…related to the allegations in this case of disability discrimination, failure to accommodate, and unfair business practices by the Defendant." (Doc. 56)  Because the Court finds Plaintiff fails to demonstrate leave to amend is appropriate under Rule 15 of the Federal Rules of Civil Procedure, Plaintiff's motion is **DENIED**.

**I.     Background**

Plaintiff is currently employed by Defendant Union Pacific, which operates railroad tracks in 23 states and ships goods throughout the country.  He reported he "accidentally inhaled chlorine fumes from a locomotive toilet" in October 2001, and "suffers from chronic obstructive pulmonary disease and reactive airway disease with asthma."  (Doc. 1 at 3, ¶ 8; Doc. 43 at 6)  Plaintiff contends that "fumes, dust, and sand that come into the engine cab can aggravate [his] lung condition (especially

when the train is travelling through tunnels) and cause [him] to take two to three days off to recover." (Doc. 43 at 6)

In June 2004, Plaintiff filed a lawsuit related to the accident against Union Pacific in the state court. (Doc. 1 at 3, ¶ 11; Doc. 43 at 6) Plaintiff alleges that since he returned to work, Union Pacific "has refused to accommodate his physical disability or engage in an interactive process to determine reasonable accommodation." (Doc. 1 at 3, ¶ 11) He reports he has "requested accommodation of his physical disability on numerous occasions," by requesting "to transfer to a position in which he would not be routinely exposed to harmful chemicals which exacerbate his medical condition." (*Id.*, ¶ 8) Specifically, between December 2005 and October 2008, Plaintiff applied for thirty different positions with Union Pacific. (Doc. 43 at 6) Plaintiff asserts he "was not offered any of these jobs, despite being the 'number one contender' on occasion." (*Id.*) In July 2012, Plaintiff requested a "hardship transfer" "by sending a letter to his union chairman, who then wrote a letter to Union Pacific." (*Id.* at 7) However, Plaintiff alleges Union Pacific "has ignored or denied all of Plaintiff's requests for accommodation." (Doc. 1 at 3, ¶ 10)

In 2013, Plaintiff's "doctor certified that Weeks needed intermittent leave four times per year." (Doc. 43 at 8) Plaintiff requested intermittent leave, which was granted by Union Pacific in on July 16, 2013. (*Id.*) That same month, Plaintiff filed a discrimination charge with the EEOC, in which he "complained about not being transferred or hired for a new position despite applications and requests for a transfer, which would have accommodated Weeks's disability." (*Id.*) "[T]he EEOC was unable to conclude that a violation of federal law had occurred and issued Weeks a "Dismissal and Notice of Rights." (*Id.*) Accordingly, Plaintiff initiated this lawsuit by filing a complaint on October 10, 2013. (Doc. 1)

Based upon the foregoing facts, Plaintiff raised the following causes of action in his complaint: (1) disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; (2) disability discrimination in violation of California's Fair Employment and Housing Act, Cal. Gov't Code § 12920 *et seq.*; (3) retaliation in violation of California's Family Rights Act, Cal. Gov't Code § 12945.2 and 2 C.C.R. § 7297.7; and (4) retaliation for concerted activity in violation of Cal. Labor Code § 923. (Doc. 1 at 4-7)

Defendant filed a motion for summary judgment on March 2, 2015. (Doc. 25) The Court issued a memorandum decision on the motion on October 7, 2015. (Doc. 43) Noting that Plaintiff submitted evidence related to a Notice of Discipline issued in March 2015, the Court observed it post-dated "both the summary judgment and the operative complaint." (*Id.* at 17) However, the Court retained "discretion to consider a new theory raised in an opposition to be a request to amend." (*Id.*, citing *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994); *cf. Fossen v. Blue Cross & Blue Shield of Mont.*, 660 F.3d 1102, 1115 (9th Cir. 2011 (holding that district court was within its discretion in denying leave to amend where theory was raised first in opposition to summary judgment)). The Court found the evidence submitted by Plaintiff to be insufficient—at that time—to determine whether the Notice was an adverse action, which would support Plaintiff's claims of discrimination and retaliation. (*Id.*) The Court explained the Notice "reads more as a type of warning than as actual discipline." (*Id.*) Because there was no evidence to support a conclusion that it was an adverse employment action, the Court concluded leave to amend was "futile at this time." (*Id.*)

Granting Defendant's motion for summary judgment in part, Court noted it would "permit Weeks to pursue a motion to amend his complaint to include claims regarding the March NOD." (Doc. 43 at 33) The Court cautioned Plaintiff to "only file such a motion…if, consistent with Rule 11, he has a good faith belief that he has viable claims and that amendment is proper under the circumstances." (*Id.* at 33-34) Accordingly, the Court informed the parties that Plaintiff "may request a briefing schedule with the Magistrate Judge for filing a motion to amend." (*Id.* at 34) Similarly, the Court authorized Defendant to file a second motion for summary judgment, after notifying the Court of its intent to do so, if Defendant had "a good faith belief that it can meet its burden and that there are no genuinely disputed issues of material fact." (*Id.* at 33)

On November 13, 2016, Defendant notified the Court of its intent to file a second motion for summary judgment. (Doc. 43) The Court authorized Defendant to file a second motion for summary judgment, which was filed on January 11, 2014.[1] (Doc. 14)

On January 14, 2016, without a stipulation from Defendant or leave of the Court, Plaintiff filed

---

[1] The Court has ordered additional briefing on the matter, which is currently under submission.

a first amended complaint. (Doc. 55) More than a week later, Plaintiff filed the current motion to amend the complaint, seeking to add facts related to the Notice of Discipline issued in March 2015. (Doc. 56) Defendant filed its opposition to the motion on February 12, 2016 (Doc. 64), to which Plaintiff filed a reply on February 22, 2016.[2] (Doc. 66)

## II.     Legal Standards

### A.     Scheduling Orders

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." Id. Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).

Further, scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)). Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." *Jackson v.*

---

[2] Because the arguments and authorities are adequately set forth in the papers, the hearing on the motion to amend is **VACATED**.

4

*Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). The party requesting modification of a scheduling order has the burden to demonstrate:

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she could not comply with the order.

*Id.* at 608 (internal citations omitted).

### B. Pleading Amendments

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Because Defendant does not consent to the filing an amended complaint, Plaintiff seeks the leave of the Court.

Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).  Consequently, the policy to grant leave to amend is applied with extreme liberality. *Id.*

There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).  After a defendant files an answer, leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakama Indian Nation v. Washington Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).

### III. Discussion and Analysis

As an initial matter, Plaintiff brings his motion to amend "pursuant to Federal Rules of Civil

5

Procedure, Rule 15(a)(2)." (Doc. 61 at 1) Significantly, however, the Scheduling Order set forth a pleading amendment deadline of April 21, 2014. (Doc. 11 at 2) The current motion was not filed until January 26, 2016. (Doc. 56) Thus, Plaintiff is required to demonstrate good cause under Rule 16 for filing an amended pleading out-of-time.[3] *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (explaining the question of whether the liberal amendment standard of Rule 15(a) or the good cause standard of Rule 16(b) apples to a motion for leave to amend a complaint depends on whether a deadline set in a Rule 16(b) scheduling order has expired). Accordingly, the Court examines Plaintiff's diligence to determine whether amendment of the scheduling order is proper.

### A.    Plaintiff's Diligence

Plaintiff contends that "[n]ew facts and evidence have developed and have come to Plaintiff's attention….related to the allegations in this case of disability discrimination, failure to accommodate, and unfair business practices by the Defendant, after Plaintiff filed the original complaint in this case in 2013." (Doc. 56 at 2) Specifically, Plaintiff reports he was issued a Notice of Discipline in March 2015 "based on attendance when he misses several days at a time for his lungs to recover to the point where he can return to work."[4] (*Id.* at 2) In addition, Plaintiff asserts he "later learned that two fellow employees who are not disabled and who have less seniority that he does were allowed to transfer out of the Bakersfield Zone into the Roseville, CA area that does not have the 'tunnels problems' that exacerbate his breathing problem and causes him to lose days off work." (*Id.*)

Notably, Plaintiff does not identify when he learned other Union Pacific employees received transfers out of the Bakersfield area without losing their seniority. Regardless, Plaintiff does not explain why he waited approximately eleven months to file a motion to amend the complaint after he received the Notice of Discipline. Even after the Court suggested that Plaintiff could seek leave to amend the complaint, Plaintiff waited more than two months to file the motion and did so only after

---

[3] In ruling on the motion for summary judgment, the Court indicated: "If Union Pacific does not file a request to pursue a second summary judgment motion, then the parties will be required to contact the Magistrate Judge for the purpose of entering a new scheduling order that sets new pre-trail [sic] conference and trial dates." (Doc. 43 at 33) The Court continued: "As part of the new scheduling order process, Weeks may request a briefing schedule with the Magistrate Judge for filing a motion to amend." (Doc. 43 at 34) However, Plaintiff did *not* request to file the motion to amend.

[4] Plaintiff erroneously states that the "Court has already ruled that the NOD is an adverse employment action." (Doc. 56 at 2) To the contrary, the Court determined the evidence was insufficient to determine that it constituted an adverse action. (Doc. 43 at 17)

1 | Defendant filed a second motion for summary judgment.

2 | Plaintiff's delay in seeking leave to amend fails to support a determination that he has acted diligently in seeking leave to file an amended complaint. *See ee Schwerdt v. Int'l Fidelity Ins. Co.,* 28 F. App'x 715, 719 (9th Cir. 2002) (delay of one month after learning of facts from a witness' deposition did not constitute diligence under Rule 16 in seeking leave to amend); *Sako v. Wells Fargo Bank, Nat. Assoc.*, 2015 WL 5022326, at *2 (S.D. Cal. 2015) ("Courts have held that waiting two months after discovering new facts to bring a motion to amend does not constitute diligence under Rule 16"); *Experexchange, Inc. v. Doculex, Inc*., 2009 WL 3837275, at *29 (N.D. Cal. Nov. 16, 2009) (delay of two months after discovering new facts, and after fully briefed summary judgment motion, did not meet the good cause standard under Rule 16). Consequently, the Court finds the good cause requirement of Rule 16 is not satisfied.

### B.      Leave to Amend under Rule 15

Even assuming the Court found Plaintiff acted diligently in seeking leave to amend, Plaintiff also fails to demonstrate leave to amend is proper under Rule 15. Evaluating a motion to amend, the Court may consider (1) whether the party has previously amended the pleading, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Comm. College Dist*., 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight, because prejudice to the opposing party has long been held to be the most critical factor to determine whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

#### 1.      Prior amendments

The Court's discretion to deny an amendment is "particularly broad" where a party has previously amended the pleading. *Allen*, 911 F.2d at 373. Here, the amendment sought is the first requested by Plaintiff. Therefore, this factor does not weigh against amendment.

#### 2.      Undue delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings. *Howey v. United States*, 481 F.2d 1187, 1191(9th Cir. 1973); *DCD Programs v. Leighton*,

833 F.2d 183, 186 (9th Cir. 1986). However, in combination with other factors, delay may be sufficient to deny amendment. *See Hurn v. Ret. Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981). Evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1387; *see also Eminence Capital*, 316 F.3d at 1052. Also, the Court should examine whether "permitting an amendment would . . . produce an undue delay in the litigation." *Id.* at 1387.

Here, the facts Plaintiff seeks to add were not known at the time of the original complaint. However, as discussed above, Plaintiff delayed in seeking leave to amend until after the filing of a second motion for summary judgment. By the time Plaintiff sought leave to amend, he had been aware of the facts for approximately eleven months. Consequently, this factor weighs against amendment.

### 3. Bad faith

There is no evidence before the Court suggesting Plaintiff acted in bad faith in seeking amendment. Therefore, this factor does not weigh against amendment.

### 4. Futility of amendment

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin,* 59 F.3d at 845; *see also Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient"). Futility may be found where the proposed claims are duplicative of existing claims or patently frivolous, or both. *See Bonin*, 59 F.3d at 846.

Significantly, in authorizing Plaintiff to request modification of the Court order and seek leave to amend, the Court indicated its belief that Plaintiff was introducing a new *theory* into the action. However, Plaintiff has not fashioned the proposed amended complaint with new legal theories or new causes of action. Previously, Plaintiff alleged that "[s]ince at least 2005 and continuing until the present," Union Pacific "has engaged in unlawful employment practices," including discrimination on the basis of Plaintiff's disability." (Doc. 1, ¶¶ 16, 21) In addition, Plaintiff alleged Union Pacific "has ignored or denied all of Plaintiff's requests for accommodation," including a "transfer to a position in which he would not be routinely exposed to harmful chemicals which exacerbate his medical condition." (*Id.* at 3, ¶ 9) He asserted Union Pacific has "required Plaintiff to continue to work in

conditions that exacerbate his medical condition and threatens him with discipline for attendance issues when he is too ill to work." (*Id.*, ¶ 10)

Plaintiff now seeks leave to amend only add additional factual support for his prior claims. As such, the claims alleged in the proposed first amended complaint are duplicative. Plaintiff is not precluded from asserting the Notice of Discipline is support for his allegation that Union Pacific had "threaten[ed] him with discipline," and can similarly introduce evidence of others receiving transfers to support his claims of discrimination and retaliation. However, leave to amend the complaint merely to add factual support is not necessary. Notably, Defendant has not challenged the sufficiency of the facts alleged in the pleading or the sufficiency of the pleading on any other grounds. Accordingly, this factor weighs against leave to amend.

### 5. Prejudice to the opposing party

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs*, 833 F.2d at 187; *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (9th Cir. 1977). Prejudice must be substantial to justify denial of leave to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). There is a presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a). *Eminence Capital*, 316 F.3d at 1052.

Defendant argues it would suffer prejudice if the Court grants the motion because Plaintiff filed it "more than two years after initiating litigation, one year after discovery ended, four months after the Court granted in part one dispositive motion, and while another dispositive motion is pending." (Doc. 64 at 5) Defendants contend, "Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided." (*Id.*, quoting *Campbell v. Emory Clinic*, 166 F3d 1157, 1162 (11th Cir. 1999)). Indeed, as the Ninth Circuit observed, a motion to amend the pleadings "on the eve of the discovery deadline" causes prejudice because it would cause delays in the proceedings. *See Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (explaining that "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the

complaint"). Because the proceedings would be further prolonged through the amendment, and Defendants would be entitled to conduct discovery related to the additional facts Plaintiff seeks to allege, this factor weighs against leave to amend.

**IV.     Conclusion and Order**

Plaintiff fails to demonstrate good cause for modifying the Scheduling Order under Rule 16. In addition, Plaintiff fails to demonstrate amendment of the complaint is proper at this time under Rule 15. Accordingly, the Court exercises its discretion to deny Plaintiff's motion to amend the complaint. See Swanson, 87 at 343; Fed. R. Civ. P. 15(a)(2).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion for modification of the Court's Scheduling Order and for leave to file the Amended Complaint (Doc. 56) is **DENIED**;
2. The hearing on the motion to amend is **VACATED**; and
3. The First Amended Complaint filed January 14, 2016 (Doc. 55) is **STRICKEN**.

IT IS SO ORDERED.

Dated:     **February 24, 2016**                    **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE