1

2

3

4

5

6

7

8                                    **UNITED STATES DISTRICT COURT**

9                                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   TREVOR WEEKS,                                      )   Case No.: 1:13-cv-01641 - AWI-JLT
                                                        )
12              Plaintiff,                              )   FURTHER SCHEDULING ORDER
                                                        )
13        v.                                            )
                                                        )
14   UNION PACIFIC RAILROAD COMPANY,                    )
                                                        )
15              Defendant.                              )
                                                        )
16   _____

17         In ruling on the defendant's motion for summary judgment, the Court concluded that

18   "significant events occurred around March 2015, well after the close of discovery" and that the illness

19   of Plaintiff's prior counsel, now deceased, interfered with the attorney's ability to properly discover

20   this case. (Doc. 71 at 19)  Moreover, the Court vacated the pretrial conference and trial dates in order

21   to allow sufficient time to decide the dispositive motions.  (Doc. 38)  Thus, the Court ordered the

22   parties to file a joint statement related to their proposed dates for the remainder of the case.  (Doc. 72)

23   Based upon the joint statement[1] (Doc. 74), the Court **ORDERS** the scheduling order (Doc. 11)

24   amended as follows:

25

26   _____
     [1] The day before the further scheduling conference, counsel left a message for the Court indicating that Mr. Charles
27   Thompson, counsel for Defendant, made a calendaring error and agreed to be a speaker at an event, at which 85-100 guests
     were expected to attend, for the time during which the further scheduling conference was set to occur.  Mr. Thompson
28   obtained the agreement of opposing counsel to request the Court re-set the conference.  The Court recognizes that everyone
     makes mistakes but, rather than delay issuing the new case schedule, the Court vacated the conference (Doc. 75) and issue
     the schedule without a hearing.

                                                        1

1.  All non-expert discovery[2] **SHALL** be completed by **October 3, 2016**;

2.  All expert discovery **SHALL** be completed by **December 16, 2016.** The parties are directed to disclose all expert witnesses, in writing, on or before **October 21, 2016**, and to disclose all rebuttal experts on or before **November 18, 2016**;

3.  Any non-dispositive pre-trial motions, including any discovery motions, **SHALL** be filed no later than **December 30, 2016**, and heard on or before **January 27, 2017**;

4.  Any dispositive motions, if they are allowed by the Court[3], **SHALL** be filed no later than **December 30, 2016**, and heard on or before **February 27, 2017**;

5.  The pretrial conference is set on **April 25, 2017** at 10:00 a.m. in Courtroom 2 before Judge Ishii;

6.  The trial is set on **June 20, 2017** at 8:30 a.m. in Courtroom 2 before the Honorable Anthony W. Ishii, United States District Court Judge;

7.  The settlement conference is set on **November 7, 2016** at 1:30 p.m. before Judge Thurston at the United States Courthouse located at 510 19th Street, Bakersfield, California.

**All of the procedures set forth in the case schedule as well as the locations for motions, hearings, trial, etc. detailed therein, remain in place and counsel remain obligated to comply with the scheduling order except as modified here.**

**No other amendments to the case schedule are authorized and the Court does not anticipate granting further requests to amend the case schedule.  The Court strongly encourages counsel to complete the additional discovery they need expeditiously.**

IT IS SO ORDERED.

Dated:   **May 19, 2016**                          **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] The Court does not rule now on objections to a further deposition of Plaintiff.   However, the Court *does* anticipate that an argument that fairness dictates that Defendant should be permitted to take a further deposition, limited in duration and in scope, of Plaintiff as to events occurring after the close of the previous discovery deadline, would likely be well-taken.  On the other hand, if Plaintiff stipulates that he will not testify at trial as to these issues, the Court would likely agree that a further deposition would not be warranted.

[3] Because Defendant has filed two motions for summary judgment already, any further such motion may not be filed unless the Court first grants leave to do so.