1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**
9                          **EASTERN DISTRICT OF CALIFORNIA**
10

11   TREVOR WEEKS,                            )   Case No.: 1:13-cv-01641 - AWI-JLT
                                              )
12                  Plaintiff,                )   ORDER DENYING STIPULATION TO AMEND
                                              )   THE SCHEDULING ORDER
13          v.                                )
                                              )   (Doc. 77)
14   UNION PACIFIC RAILROAD COMPANY,          )
                                              )
15                  Defendant.                )
                                              )
16   _____        )

17          In ruling on the defendant's motion for summary judgment, the Court concluded that

18   "significant events occurred around March 2015, well after the close of discovery" and that the illness

19   of Plaintiff's prior counsel, now deceased, interfered with the attorney's ability to properly discover

20   this case.  (Doc. 71 at 19)  Thus, the Court amended the case schedule and granted nearly five

21   additional months to conduct non-expert discovery.  (Doc. 76) In doing so, the Court warned,

22          **No other amendments to the case schedule are authorized and the Court does not**
       **anticipate granting further requests to amend the case schedule.  The Court**
23     **strongly encourages counsel to complete the additional discovery they need**
       **expeditiously.**
24

25   Id. at 2, emphasis in the original.  Despite this, counsel now submit a stipulation to amend the case

26   schedule to add about two more months of non-expert discovery time while providing only a vague

27   explanation for it.  (Doc. 77)  They state, "The parties also have held ongoing Conferences of Counsel

28   to resolve discovery disputes involving Defendant's document production and written responses to

                                                 1

Plaintiffs discovery. Both parties believe the additional time will permit the parties to lessen and/or resolve discovery disputes." (Doc. 77 at 2)  Notably, they fail to explain the nature of the disputes, when they arose, how they impact the completion of discovery, what they have done to resolve the issues and why they have failed to involve the Court in the dispute resolution process.  (Doc. 11 at 4 ["A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party promptly shall seek a telephonic hearing with all involved parties and the Magistrate Judge."]; Doc. 76 at 2 ["**All of the procedures set forth in the case schedule . . . remain in place and counsel remain obligated to comply with the scheduling order except as modified here**." Emphasis in the original]) In addition, in light of the fact that motions related to discovery disputes may be brought as late as December 30, 2016, counsel fail to explain why these current disputes should derail completion of the case.

A scheduling order "controls the course of the action unless the court modifies it."  Fed. R. Civ. P. 16(d).  Scheduling orders are intended to alleviate case management problems.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992).  As such, a scheduling order is "the heart of case management."  Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3rd Cir. 1986).

Scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  Johnson, 975 F.2d at 610 (quoting Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Maine 1985)).  Good cause must be shown for modification of the scheduling order.  Fed. R. Civ. P. 16(b)(4).  The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension.  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.  Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

Johnson, 975 F.2d at 609 (internal quotation marks and citations omitted).

As noted above, counsel have made no showing to support their conclusion they have acted diligently.  To show diligence, counsel were obligated to detail the discovery each side has completed

2

and the discovery yet to complete.  They should have explained why they did not complete the needed discovery earlier and why they could not have done so.  Finally, they should have explained why they cannot complete the discovery within the deadlines set by the Court.  Thus, they have failed to make a sufficient showing to justify amendment of the case schedule. <u>Johnson</u>, 975 F.2d at 609.

IT IS SO ORDERED.

Dated:   **September 20, 2016**           **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE