# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR WEEKS,<br><br>        Plaintiff<br><br>    v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>        Defendants | CASE NO. 1:13-CV-1641 AWI SAB<br><br>ORDER SETTING PRE-TRIAL CONFERENCE FOR AUGUST 28, 2017 AT 10:30 a.m.<br><br>PARTIAL PRETRIAL ORDER<br><br>Motions In Limine Hearing and Trial Confirmation:<br>    OCTOBER 16, 2017<br>    1:30 p.m., Courtroom 2<br><br>Trial:  NOVEMBER 7, 2017<br>        8:30 a.m., Courtroom 2<br><br>RULES OF CONDUCT |

Due to the pendency of a motion for reconsideration and the parties' inability to file a joint pre-trial statement, the Court vacated the May 1, 2017 pre-trial conference. On May 4, 2017, the Court granted Plaintiff's motion for reconsideration, and a First Amended Complaint was subsequently filed. On May 30, 2017, a status conference was held. See Doc. No. 120. As part of that status conference, the Court set a new trial date and a trial confirmation and motions in limine hearing date. The Court issues this partial pre-trial order in light of those new dates.

Additionally, on August 28, 2017, the Court will hold a pre-trial conference at 10:30 a.m in Courtroom No. 2. Following the pre-trial conference, the Court will issue an amended pre-trial order. On or by August 21, 2017, the parties will submit a joint pre-trial statement that includes all of the information required under Local Rule 281.

## I. Jurisdiction and Venue

The Court has subject matter jurisdiction and supplemental jurisdiction under 28 U.S.C. §§ 1331 and 1367 by virtue of Plaintiff's Americans with Disabilities Act (42 U.S.C. § 12101 et. seq.) claim. Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## II. Jury Trial

Plaintiff has requested a jury trial.

## III. Further Discovery or Motions

The parties shall contact the Magistrate Judge for purposes of setting an additional scheduling and/or a further discovery schedule.

## IV. Settlement Negotiations

The parties may engage in their own settlement negotiations at any time and they may contact the Magistrate Judge for purposes of setting a formal settlement conference.

## V. Separate Trial Of Issues

The trial will be bifurcated. The first phase will decide liability, damages, and punitive liability. If punitive liability is found, then the second phase will decide punitive damages.

## VI. Further Trial Preparation

### A. Final Witness List

The parties are ordered to file and serve their final list of witnesses by November 2, 2017. Additionally, at that time Plaintiffs shall disclose the order of witnesses so that Defendants will be prepared for cross-examination.

### B. Trial Briefs

The parties are to file and serve a Trial Brief by September 25, 2017. Local Rule 285. The parties need not include in the Trial Brief any issue that is adequately addressed in a motion in limine, or in an opposition brief to a motion in limine. Any response to a Trial Brief shall be filed and served by September 29, 2017.

### C. Duty of Counsel to Pre-Mark Exhibits

The parties are ordered to confer no later than September 8, 2017, for purposes of pre-marking and examining each other's exhibits. All joint exhibits must be pre-marked with numbers

preceded by the designation JT/-- (e.g., JT/1, JT/2). The significance of identifying an exhibit as a "joint exhibit" is that it can be admitted by either party, at any time, and without objection. All of Plaintiffs' exhibits shall be pre-marked with numbers. All of Defendants' exhibits shall be pre-marked with letters.

1. Counsel shall create four (4) complete, legible sets of exhibits in binders as follows:

    (a) Two sets of binders to be delivered to Courtroom Clerk Wendy Kusamura by November 2, 2017, one for use by the Courtroom Clerk and the other for the court; and

    (b) One set for each counsel's own use.

    If the parties desire, they may have a fifth set of binders to be used for the purposes of questioning witnesses.

2. Counsel are to confer and make the following determination with respect to each proposed exhibit to be introduced into evidence, and to prepare separate indexes - one listing joint exhibits, and one listing each party's separate exhibits:

    (a) Duplicate exhibits, i.e., documents which both sides desire to introduce into evidence, shall be marked as a joint exhibit, and numbered as directed above. Joint exhibits shall be listed on a separate index, and shall be admitted into evidence on the motion of any party, without further foundation.

    (b) As to exhibits that are not jointly offered, and to which there is no objection to introduction, those exhibits will likewise be appropriately marked, e.g., Plaintiffs' Exhibit 1 or Defendants' Exhibit A, and shall be listed in the offering party's index in a column entitled "Admitted In Evidence." Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

    (c) Those exhibits to which the only objection is a lack of foundation shall be marked appropriately, e.g., Plaintiffs' Exhibit 2 - For Identification, or Defendants' Exhibit B - For Identification, and indexed in a column entitled "Objection Foundation."

    (d) Remaining exhibits as to which there are objections to admissibility not solely

based on a lack of foundation shall likewise be marked appropriately, e.g.,
Plaintiffs' Exhibit 3 - For Identification or Defendants' Exhibit C - For
Identification, and indexed in a third column entitled "Other Objection" on the
offering party's index.

3. Each separate index shall consist of the exhibit number or letter, a brief description of the exhibit, and the three columns outlined above, as demonstrated in the example below:

INDEX OF EXHIBITS

| EXHIBIT # | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|---|---|---|---|---|

Two sets of the completed joint index and the separate indexes shall be delivered to the Courtroom Clerk with the two sets of binders.

The court has no objection to counsel using copies. However, the copies must be legible. If any document is offered into evidence that is partially illegible, the court may *sua sponte* exclude it from evidence.

**D.  Discovery Documents**

By November 2, 2017, each party shall file a list of all discovery documents the party intends to use at trial. The list shall indicate whether each discovery document has previously been lodged with the Clerk. If the discovery document has not been previously lodged, the party shall so lodge the document with the Courtroom Clerk by November 2, 2017.

**E.  Motions In Limine Hearing and Briefing Schedule**

The hearing for motions in limine will be held on October 16, 2017 at 1:30 p.m. In addition to addressing any filed motions in limine, at that time the court will also settle, to the extent possible, any other matter pertaining to the conduct of the trial.

Counsel are expected to be fully cognizant of the legal issues involved in the case by the date of the hearing for motions in limine.

By 4:00 p.m. on September 18, 2017, all motions in limine, with supporting points and authorities, shall be filed and served either personally or by facsimile upon opposing counsel.

By 4:00 p.m. on October 2, 2017, opposition to any motion in limine shall be filed and served either personally or by facsimile upon opposing counsel. If a party does not oppose a motion in limine, that party <u>shall</u> file and serve in the same manner a Statement of Non-Opposition to that motion in limine.

By 4:00 p.m. on October 9, 2017, any reply to an opposition shall be filed and served either personally or by facsimile upon opposing counsel. The court is not inclined to consider late reply briefs.

### **F. Morning Conferences During Trial**

During the trial, it is the obligation of counsel to meet with the court each morning to advise the court and opposing counsel as to what documents are proposed to be put into evidence that have not previously been admitted by stipulation, court order, or otherwise ruled upon. The court will rule on those documents, to the extent possible, prior to the commencement of trial each day out of the presence of the jury. If the ruling depends upon the receipt of testimony, the court will rule as requested upon the receipt of such testimony.

The court shall consider any other legal matter at morning conferences as well. The court does not wish to recess the trial to hear legal argument outside of the presence of the jury, and proper preparation by counsel will eliminate the need for that result.

### **G. Use Of Videotape and Computers**

Any party wishing to use a videotape for any purpose during trial shall lodge a copy of the videotape with the Courtroom Clerk by 4:00 p.m. on Thursday, November 2, 2017. If a written transcript of audible words on the tape is available, the Court requests that the transcript be lodged with the court, solely for the aid of the court.

If counsel intends to use a laptop computer for presentation of evidence, they shall contact the courtroom deputy clerk at least one week prior to trial. The courtroom deputy clerk will then arrange a time for counsel to bring the laptop to the courtroom, and meet with a representative of the Information and Technology Department and receive a brief training session on how counsel's equipment interacts with the court's audio/visual equipment. If counsel intends to use PowerPoint, the resolution should be set no higher than 1024 x 768 when preparing the presentation.

**H. Order of Witnesses**

In order to make the trial operate efficiently and smoothly, each counsel has the continuing obligation to advise opposing counsel as to what witnesses he or she intends to call twenty-four (24) hours prior to calling that witness.

**I. Proposed Jury Instructions & Verdict Forms**

The parties shall file and serve proposed jury instructions and verdict forms by 4:00 p.m. on October 2, 2017. Electronic filers shall attach a copy of their proposed jury instructions in Microsoft Word format to an e-mail, which the party shall send to: awiorders@caed.uscourts.gov. Prior to submission of the proposed jury instructions and verdict forms, the parties shall meet and confer in order to determine which instructions they agree should be given and whether they can agree upon a joint verdict form.

The parties are to submit a packet of jury instructions to which they agree, and separate packets of jury instructions to which they cannot agree. All proposed jury instructions shall be submitted in duplicate sets. One set shall identify the party proposing the instruction or state that the instruction is agreed. Each instruction shall be numbered or lettered, cite supporting authority, and include the customary "Given, Given as Modified, or Refused," showing the court's action with regard to each instruction. The other set shall be an exact copy of the first set, but shall be a "clean" copy that does not contain the identification of the offering party, numbering/lettering, supporting authority, or references to the court's disposition of the proposed instruction.

As to those instructions to which the parties dispute, the court will conduct its jury instruction conference during trial at a convenient time. However, depending on time constraints, the Court may conduct a preliminary jury instruction conference on October 16, 2017, following the hearing and decision on the parties' motions in limine.

**J. Voir Dire**

The parties shall file and serve proposed voir dire questions, if any, by 4:00 p.m. on Thursday, November 2, 2017.

Further, in order to aid the court in the proper voir dire examination of the prospective jurors, counsel should lodge with the court on the first morning of trial a list of all prospective

witnesses, including rebuttal witnesses, that counsel reasonably expect to call.  The purpose of the lists is to advise the prospective jurors of possible witnesses to determine if a prospective juror is familiar with any potential witness.

### K.  Agreed Summary Of The Case

The parties shall lodge with the Courtroom Clerk a joint agreed summary of the case, briefly outlining the positions of the parties by 4:00 p.m. on Thursday, November 2, 2017.  The summary will be read to the jury panel at the outset of the trial solely for the purposes of assisting in the jury selection process.  The contents of the summary shall not be deemed to be evidence or an admission or stipulation by a party as to any contested fact or issue.

## VII. Objections to this Order

Any party may, within ten (10) calendar days after the date of service of this order, file and serve written objections to any of the provisions of this order.  Local Rule 283.  Such objection shall specify the requested corrections, additions or deletions.[1]

## VIII.  Rules of Conduct During Trial

### A.  General Rules

1. All participants in the trial shall conduct themselves in a civil manner.  There shall be no hostile interchanges between any of the participants.

2. All oral presentations shall be made from the podium, unless otherwise permitted by the court.

3. Sidebar conferences are discouraged.  Legal arguments or discussion of issues outside the presence of the jury should be done during recesses.

4. Counsel shall advise their respective clients and witnesses not to discuss any aspect of the case in the common areas of the courthouse accessible to the jurors, such as the lobby, the elevators, the hallways and the cafeteria.

---

[1] The parties need not object to any information envisioned by Local Rule 281 that is not included in this order, but will be included as part of an amended order once the parties submit a joint pre-trial statement. Objections should be limited to the items included in this Partial Pre-Trial Order.

**B. Jury Selection**

1. The court will conduct voir dire to be supplemented by any written questions submitted by counsel prior to trial and after the court has concluded its questioning of the jury panel. In some circumstances, the court may allow brief direct questioning by counsel.

**C. Opening Statements**

1. Counsel may use visual aids in presenting the opening statement. However, any proposed visual aids shall be shown to opposing counsel before opening statement.

**D. Case in Chief**

1. Counsel shall have his/her witnesses readily available to testify so that there are no delays in the presentation of evidence to the trier of fact.

2. At the close of each trial day, counsel shall disclose his/her anticipated witnesses and order of presentation for the next day, so that any scheduling or evidentiary issues may be raised at that time.

**E. Witnesses**

1. Before approaching a witness, counsel shall secure leave of court to approach the witness.

2. Before approaching a witness with a writing, counsel shall first show the writing to opposing counsel.

**F. Exhibits**

1. All exhibits shall be marked and identified in accordance with the instructions in the Pretrial Order.

2. An exhibit shall not be published to the jury until it has been admitted into evidence and counsel has secured leave of court to publish the exhibit.

3. The court usually will conduct an on the record review of the exhibits that have been admitted in evidence at the conclusion of each party's case in chief and after each party has rested its entire case.

**G. Objections**

1. No speaking objections or arguments are permitted in the presence of the jury. Counsel shall state the specific legal ground(s) for the objection, and the court will rule based upon the

ground(s) stated. The court will permit counsel to argue the matter at the next recess.

2. The court will not assume that any objection made also implies with it a motion to strike an answer that has been given. Therefore, counsel who has made an objection, and who also wishes to have an answer stricken, shall also specifically move to strike the answer.

**H. Closing Argument**

1. Counsel may use visual aids in presenting the closing argument. However, any proposed visual aids shall be shown to opposing counsel before closing argument.

FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF THIS ACTION OR ENTRY OF DEFAULT, ON ANY AND ALL COUNSEL AS WELL AS ON ANY PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER.

IT IS SO ORDERED.

Dated: May 31, 2017

_____
SENIOR DISTRICT JUDGE