# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR WEEKS,<br><br>Plaintiff<br><br>v.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>Defendant | CASE NO. 1:13-CV-1641 AWI JLT<br><br>ORDER ON DEFENDANTS' OBJECTIONS TO PRE-TRIAL ORDER AND ORDER AMENDING PRE-TRIAL ORDER |

On December 14, 2017, the Court issued a pre-trial order. On December 21, 2017, Defendant filed timely objections. Defendant also contacted the Court in order to explain that one witness, Rodney Doerr was inadvertently omitted from its witness list. This order addresses Defendant's objections and request to add Mr. Doerr to the witness list.

## **DEFENDANT'S OBJECTIONS TO PRE-TRIAL ORDER**[1]

1. <u>Sec. III – Undisputed Facts</u>

Defendant objects that two facts were included in the undisputed facts section, when those facts are really disputed. Specifically, Defendants object that there are disputes with respect to Paragraph 4 (EEOC and DFEH documents) and Paragraph 5 (license renewal meetings).

---

[1] The Court notes that, contrary to Court orders, the parties did not submit a joint pre-trial statement. If all parties had met and conferred in a timely fashion, a proper joint pre-trial statement could have been submitted and these objections would not have been filed. The Court anticipates that the parties will cooperate with each other in the remaining proceedings.

      a.      Paragraph 4

Paragraph 4 lists and describes right to sue notices from the EEOC and the DFEH. Defendant states that the documents speak for themselves, but it objects to the "argumentative analysis" and description of these documents. Defendant's objections show that there is no dispute that EEOC and DFEH issued right to sue notices.

The purpose of the "undisputed facts" section of the pre-trial order is to identify facts that are truly undisputed. In order to give effect to the Defendant's position and the purpose of undisputed facts, the Court will change and reposition Paragraph 4. The current language of Paragraph 4 will be renumbered as Section III(B), Paragraph 18 under Plaintiff's Disputed Facts. A new Section III(A), Paragraph 4 will be inserted and read: "On or about July 12, 2013, October 1, 2015, and January 17, 2017, the Unites States Equal Employment and Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH") issued Plaintiff right-to-sue notices with respect to plaintiff's complaints against Union Pacific."

      b.      License Renewal Meetings

Union Pacific objects that it does not agree to this language. If Defendant does not agree, the fact cannot be undisputed. In order to give effect to the purpose of "undisputed facts," Paragraph 5 will be stricken from Section III(A) and renumbered as Section III(B), Paragraph 19 under Plaintiff's Disputed Facts. .

2.      Plaintiff's Witnesses

Defendant objects that 4 witnesses under Plaintiff's list that are improper. Specifically, Defendant objects that: identifying "unknown urgent care physicians" does not provide adequate notice, Defendant's former counsel is not a proper witness, and two persons most knowledgeable are improper because Plaintiff never conducted Rule 30(b)(6) discovery.

Given the nature of these objections, the Court finds that the objections are better resolved through the motions in limine process. Therefore, Defendants objections to these 4 witnesses will be renumbered and considered as Defendant's Motion In Limine 6. Plaintiff shall file any appropriate response (non-opposition or opposition) as provided by the pre-trial order's motion in limine schedule.

1 | 3. <u>Plaintiff's Exhibits</u>

Defendant explains that it intends to object to many exhibits, but recognizes that a meet and confer session with Plaintiff will occur. Defendant states that it raises the objections out of an abundance of caution.

The Court will note Defendant's objections, but will not modify the pre-trial order or rule on the objections at this time..

### **DEFENDANT'S OMITTED WITNESS**

Defendant states that it mistakenly omitted Rodney Doerr from its witness list. Doerr is represented to be the Vice President of Safety and Chief Safety Officer for Defendant. Defendant represents that Doerr corresponded with Plaintiff in 2013. Because Defendant has brought the omission of Doerr to the attention of the Court within the time specified for objecting to the pre-trial order, the Court will add Rodney Doerr to Section VII(B) as Defendant's witness 25. However, the addition of Doerr does not mean that he will actually be called as a witness, nor does it mean that Plaintiff cannot object to Mr. Doerr or his testimony.

### **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Rodney Doerr is added as witness 25 under Section VII(B) of the December 14, 2017 Pre-trial order (Doc. No. 132);
2. Defendant's objections to four listed Plaintiff's witnesses are deemed Defendant's Motion In Limine No. 6, and Plaintiff shall respond in accordance with the current motions in limine schedule;
3. Section III(A), Paragraph 5 of the Pre-Trial Order is STRICKEN from that part of the Pre-Trial Order, and is RE-INSERTED as Section III(B), Paragraph 19 of Plaintiff's Disputed Facts; and
4. Section III(A), Paragraph 4 is STRICKEN and RE-INSERTED as Section III(B), Paragraph 18 of Plaintiff's Disputed Facts; and

3

5. Section III(A), Paragraph 4 shall now read: "On or about July 12, 2013, October 1, 2015, and January 17, 2017, the Unites States Equal Employment and Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH") issued Plaintiff right-to-sue notices with respect to plaintiff's complaints against Union Pacific."

IT IS SO ORDERED.

Dated:   December 22, 2017

_____
SENIOR DISTRICT JUDGE