# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR WEEKS,<br><br>    Plaintiff<br><br>    v.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>    Defendant | CASE NO. 1:13-CV-1641 AWI JLT<br><br>ORDER ON NOTICE OF TERMINATION, ORDER ON NOTICE OF WITHDRAWAL, ORDER FOR STATUS REPORT, and ORDER STRIKING DOCUMENTS<br><br>(Doc. Nos. 173, 174, 177, 181) |

On January 12, 2018, the Court received a notice of settlement and vacated all dates accordingly.

On February 8, 9, and 10, two of Plaintiff's former attorneys (Parnell Fox and David Doyle) filed notices and amended notices of liens for services rendered against any recovery or settlement in Plaintiff's favor.

On February 12, 2018, one of Plaintiff's counsel, Kay Parker, filed an ex parte application to strike each of the lien notices. The Court denied the request, but permitted Plaintiff to file a formal motion.

On February 26, 2018, Ms. Parker filed an amended motion to strike the liens. The Court created a briefing schedule that required former counsel to file responses on or by March 5, 2018.

On March 5, 2018, the Court received a number of filings. First, Plaintiff's co-counsel Gus Mullinax filed a notice of termination that indicated Ms. Parker had been terminated. See Doc. No. 173. Mr. Mullinax then filed a motion to withdraw Plaintiff's motion to strike liens and requested that the Court set a status conference involving all of Plaintiff's current and former counsel. Mr. Doyle filed a notice of joinder to the request for a status conference. In response to

Mr. Mullanax's notices, Ms. Parker filed an objection and an amended objection to the notice of termination, and later filed an notice of priority attorney lien. As part of the notice of priority lien, Ms. Parker states that Defendant should make the attorney's fees portion of the settlement payable to her attorney-client trust account as per the negotiated settlement agreement, and the parties need only execute the settlement agreement at this point. See Doc. No. 178.

On March 7, 2018, Smith-Johnson, Inc. filed a motion to intervene under Federal Rule of Civil Procedure 24. Smith-Johnson represents that it is a corporation that was created by William Smith (deceased), who was Weeks's first counsel. Attorney James Parks declares that he is an officer of Smith-Johnson and that Smith-Johnson has a valid lien for work and costs advanced during the litigation, but the actions of Mr. Mullanax are erasing and impairing that interest.

Also on March 7, 2018, Mr. Mullanax filed a revised motion to withdrawal motion to strike and request for status conference in which he included Smith-Johnson. See Doc. No. 181.

The above filings necessitate action by the Court.

1. Notice of Termination

Local Rule 182 addresses withdrawals and substitutions of attorneys. Local Rule 182(d) addresses withdrawals and provides in relevant part: "The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit." Local Rule 182(g) addresses substitutions and provides in relevant part: "An attorney who has appeared in an action may substitute another attorney and thereby withdraw from the action by submitting a substitution of attorneys that shall set forth the full name and address of the new individual attorney and shall be signed by the withdrawing attorney, the new attorney, and the client. All substitutions of attorneys shall require approval of the Court . . . ."

Here, the notice of termination was filed by Mr. Mullanax and bears his signature only, Mr. Weeks and Ms. Parker did not sign. Mr. Mullanax associated into this case on December 5, 2017, whereas Ms. Parker has been lead counsel since August 2015 following the death of William Smith (Plaintiff's first counsel), and Parker has objected to the termination. Given the absence of signatures, and in particular Weeks's signature, and the objection of Ms. Parker, the

Court will not give effect at this time to the notice of termination.  See Local Rule 182(d), (g).  At this time, Ms. Parker remains an attorney of record for Weeks.

However, the Court cannot have conflicting filings by attorneys who purport to be Weeks's counsel.  If Weeks has terminated Ms. Parker, then Weeks needs to follow as closely as possible Local Rule 182 so that his representation may be properly sorted.  Any further attempts to relieve any counsel of record must include Weeks's signature, and if Weeks so desires, an accompanying declaration that confirms termination.  Cf. Doc. No. 170-3 Weeks Dec. In Support of Motion To Strike at ¶¶ 2, 8 (explaining that Weeks does not have a separate attorney-client agreement with Fox and Doyle).

### 2. Withdrawal Of Motion To Strike Liens

Mr. Mullanax has filed an attempted withdrawal of the motion to strike that was filed by Ms. Parker.  It is clear that Ms. Parker does not agree to the withdrawal of the motion.  Because the Court is not accepting the purported termination of Ms. Parker at this time, it will not accept the withdrawal of the motion to strike, either.

### 3. Settlement Status

There has been sufficient time for dismissal papers to have been filed, especially since the default deadline in which to file dismissal papers is 21 days from the date of notice.  See Local Rule 160(b).  Despite the passage of over 50 days, no dismissal has occurred and instead the case is being complicated by liens and Weeks's representation issues.

From Ms. Parker's notice of priority lien, it appears that a settlement is in place and on paper, and that all that is lacking are signatures.  The parties will address when signatures can be expected.  The Court does not know the state of the settlement or the nature of the negotiations, but it may be possible to enforce the agreement through a motion.  See Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) ("It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it."); Dacanay v. Mendoza, 573 F.2d 1075, 1078 (9th Cir. 1978) (same); Myles v. Nelson Staffing Solutions, 2007 U.S. Dist. LEXIS 58732 (N.D. Cal. July 30, 2007) (enforcing an unsigned settlement agreement).  Therefore, the parties will be required to address whether a motion to enforce settlement should be entertained.

### 4. Notices of Liens

California recognizes the ability of an attorney to file a charging lien against his client in a pending case. Fletcher v. Davis, 33 Cal.4th 61, 66-67 (2004). Charging liens are generally created only by contract. Id. at 66. Under California law, although charging liens are "secret" and protected even without a notice, it is "permissible, even advisable," for an attorney to file a notice of lien in the underlying action. Southern Cal. Gas Co. v. Flannery, 5 Cal.App.5th 476, 494 (2016). A charging lien may be used to secure either an hourly fee or a contingency fee. Fletcher, 33 Cal.4th at 66; Novak v. Fay, 236 Cal.App.4th 329, 336 (2015). For a charging lien that attempts to obtain hourly fees, the charging lien must be created in conformity with California Rule of Professional Conduct 3-300. Fletcher, 33 Cal.4th at 71; Plummer v. Day/Eisenberg, LLP, 184 Cal.App.4th 38, 48 (2010). For a charging lien that is included as part of a contingency fee arrangement, Rule 3-300 does not apply. Lanz v. Goldstone, 243 Cal.App.4th 441, 464 (2015); Plummer, 184 Cal.App.4th at 49. "When an attorney's lien is tied to the client's contingent recovery, the lawyer cannot enforce it until the contingency . . . occurs." Novak, 236 Cal.App.4th at 336 (citing Kroff v. Larson, 167 Cal.App.3d 857, 861 (1985)); see Southern Cal. Gas Co. v. Flannery, 5 Cal.App.5th 476, 494 (2016). California law, with limited exception, prohibits the court that decides the underlying action from deciding the existence or validity of the lien claim on the underlying judgment; rather, after the client obtains a judgment, the attorney must bring a separate, independent action against the client in order to determine the existence of the lien, the amount of the lien, and to enforce it. See Southern Cal., 5 Cal.App.5th at 495; Brown v. Superior Ct., 116 Cal.App.4th 320, 329-30 (2004).

Under Federal law, however, "[t]here is no debate that a federal court properly may exercise ancillary jurisdiction 'over attorney fee disputes collateral to the underlying litigation.'" K.C. ex rel. Erica C. v. Torlakson, 762 F.3d 963, 968 (9th Cir. 2014) (quoting Federal Sav. & Loan Ins. Corp. v. Ferrante, 364 F.3d 1037, 1041 (9th Cir. 2004)). This includes withdrawn or substituted counsel and the fee disputes generated thereby. See Curry v. Del Priore, 941 F.2d 730, 731 (9th Cir. 1991); see also Federal Sav., 364 F.3d at 1041 ("[d]etermining the legal fees a party to a lawsuit properly before the court owes its attorney, with respect to the work done in the suit

being litigated, easily fits the concept of ancillary jurisdiction.") (quoting <u>Jenkins v. Weinshienk</u>, 670 F.2d 915, 919 (10th Cir. 1982)). Thus, district courts have the power to permit withdraw and substitution of attorneys and "determine fees, disbursements and liens, as ancillary to the conduct of the principal litigation. *Whether to do so, however, is a matter within the trial judge's discretion.*" <u>Moore v. Telfon Communications Corp.</u>, 589 F.2d 959, 967 (9th Cir. 1978) (emphasis added). That is, "the exercise of ancillary jurisdiction over an attorney's fees dispute is discretionary." <u>Tolarkson</u>, 762 F.3d at 971.

Here, based on the submissions to date, filing a notice of lien appears to be proper under *Southern Cal.*[1] However, at this time, the Court is disinclined to exercise ancillary jurisdiction with respect to disputes regarding the attorneys' liens. First, it is approaching five years since this case was filed. Various trial dates have been vacated, attorneys have substituted in and out of the case for various reasons, and now the case is on the verge of settlement. It appears that Union Pacific and Weeks have agreed to resolve the employment claims that are alleged in the operative complaint. Despite the apparent resolution of the actual claims in the complaint, instead of dismissal papers, the Court receives notices of charging liens, allegations of bad faith and unethical conduct, a motion to intervene with respect to yet another charging lien, and the filing and withdrawal of motions to strike. None of this activity has a thing to do with the operative claims in the complaint. Second, it is the Court's understanding that if this case was pending in state court, issues regarding amounts, validity, and enforcement of the liens could not be made in this lawsuit, rather a separate suit would have to be filed. See <u>Southern Cal.</u>, 5 Cal.App.5th at 495. Addressing the merits of the lien notices would create a judicial windfall for non-parties by not having to file a separate action, simply because this California case proceeded in federal court. Third, the filings do not indicate a simple dispute over the meaning of a term in a contract. Instead there are factual allegations that suggest bad faith and unethical behavior by several actors. The filings suggest that a California Superior Court and/or the California State Bar should be resolving

---

[1] The Court will be ordering the parties to submit status reports. Once the status reports are received, the Court will set a path forward for the case and issue further orders with respect to the motion to strike. For now, the motion will be held in abeyance, but Weeks should be prepared to address *Southern Cal.* in future filings related to the motion to strike.

5

1 this fee dispute, given California's strong interest in ensuring proper and ethical conduct between
2 and among attorneys and clients. Thus, the filings indicate that resolution of issues regarding the
3 liens would not be simple, but would be time consuming and vexatious to the Court. See Moore,
4 589 F.2d at 967 (affirming court's decision to decline to exercise ancillary jurisdiction over a fee
5 dispute based on the duration of the case and the time consuming and vexatious to the district
6 court). Finally, since no settlement proceeds have been paid and no judgment has been entered in
7 this case, it is highly questionable whether any of the liens that have been noticed are even ripe for
8 enforcement. See Novak, 236 Cal.App.4th at 336. Therefore, while the Court will not strike the
9 lien notices at this time, the filings to date have not persuaded the Court to exercise ancillary
10 jurisdiction over this unseemly fee dispute.

　　　　4.　　Requested Status Conference

Mr. Mullanax has requested a status conference with all of Weeks's current and former counsel, including Smith-Johnson. That request will be denied. As stated above, the Court is not accepting the withdrawal of either Ms. Parker or her motion to strike at this time, and the Court is disinclined to exercise ancillary jurisdiction over the fee dispute.

Nevertheless, this case between Weeks and Union Pacific remains pending before the Court. Instead of a status conference, the Court will order the counsel of record (Mr. Mullanax, Ms. Parker, and Mr. Castillo) to submit separate status reports. As part of the three status reports, each counsel should address the status of the settlement, whether a motion to enforce settlement should be entertained, and how the notices of lien are affecting this case and settlement efforts. Mullanax and Parker should also address who is authorized to represent Weeks and the motion to strike liens. If the parties' respective counsel of record believe that the Court should exercise ancillary jurisdiction over the liens/fee dispute, then counsel should explain why the exercise of ancillary jurisdiction is necessary or advisable.

　　　　5.　　Motion To Intervene

Smith-Johnson has filed a motion to intervene. No hearing date has been set for this motion. Part of the basis for that motion was Mr. Mullanax's original notice which did not include Smith-Johnson as a prior counsel of Weeks. That has been corrected in Mr. Mullanax's amended

notice. See Doc. No. 181. If that assuages Smith-Johnson's concerns, it may file a notice of withdrawal. Otherwise, once the Court has received status reports from counsel, and once Weeks's counsel of record is sorted, the Court will set a briefing schedule on the motion to intervene.[2]

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's notice of termination (Doc. No. 173), Notice of Withdrawal (Doc. No. 174), and Amended Notice of Withdrawal (Doc. No. 181) are STRICKEN without prejudice;

2. Attorney David Doyle's joinder in request for a status conference (Doc. No. 177) is STRICKEN without prejudice;

3. On or by March 14, 2018, Weeks shall file either a notice that attorney Kay Parker remains counsel of record, or a notice of termination of attorney Kay Parker that is signed by Weeks and conforms as closely as possible with Local Rule 182;[3]

4. On or by March 19, 2018, all current counsel of record (Kay Parker, M. Greg Mullanax, and Vincent Castillo)[4] shall file a status report that addresses the concerns and issues raised in this order; and

5. Plaintiff's motion and amended motion to strike (Doc. Nos. 169, 170) will be held in abeyance, pending further instruction from the Court.

IT IS SO ORDERED.

Dated: March 7, 2018                    _____
                                        SENIOR DISTRICT JUDGE

---

[2] The Court notes that Smith-Johnson is relying on a contingency agreement. Since no settlement funds or judgments have been recovered, it is unclear whether Smith-Johnson has an enforceable interest at this time. See Southern Cal., 5 Cal.App.5th at 494; Novak, 236 Cal.App.4th at 336; Kroff, 167 Cal.App.3d at 861. Smith-Johnson should be prepared to address *Southern Cal.*, *Novak*, and *Kroff* in further briefing.

[3] Attorney Mullanax should explain any deviations from Local Rule 182 as part of the notice. Also, depending on Weeks's submission, the Court may refer the matter of his representation to the Magistrate Judge.

[4] The Court does not require a status report from Defendant's other attorneys of record, Alexei Offill-Klein and Maria Lampasona.