1

2

3        **UNITED STATES DISTRICT COURT**

4        **EASTERN DISTRICT OF CALIFORNIA**

5

6    TREVOR WEEKS,                              **CASE NO. 1:13-CV-1641 AWI JLT**

7              **Plaintiff**

8              **v.**                           **ORDER ON EX PARTE MOTION TO APPOINT A RECEIVER**

9    UNION PACIFIC RAILROAD CO.,

10             **Defendant**                    (Doc. No. 182)

11

12         On March 7, 2018, the Court signed an order ("the Order") addressing notices of lien, a

13   motion to withdraw, a notice of termination of representation, and a request for status conference.

14   See Doc. No. 184.  In that order, the Court *inter alia* ordered all counsel of record to submit status

15   reports.  See id.  The Court also expressed its disinclination to exercise ancillary jurisdiction over

16   the fee dispute that has erupted between Weeks's current and former counsel.  See id.  That order

17   was docketed on March 8, 2018.

18         Prior to signing the Order, Weeks's counsel Kay Parker filed an ex parte request for the

19   Court to appoint a receiver or an order for Union Pacific to deposit funds into the Court's

20   registry.[1]  See Doc. No. 182.   Ms. Parker declares that co-counsel M. Greg Mullanax has

21   instructed Union Pacific to pay any designated attorneys' fees to him.  See Doc. No. 183.  This is

22   contrary to the prior settlement agreement whereby attorneys' fees would be paid by Union Pacific

23   to both Mullanax and Parker.  See id.  Parker declares that she was in the process of trying to settle

24   matters with prior counsel regarding fees, but she now believes that such efforts are futile because

25   Mullanax's conduct.  See id.  Parker's motion states that Weeks and Union Pacific are in danger of

26   having multiple lawsuits filed against them if the attorneys' fees are distributed to Mullanax

27   without the consent of the other attorneys.  See Doc. No. 182.

28   _____
     [1] The Court was not aware of Ms. Parker's application when it signed the Order.

The Court will deny Parker's application. First, no authority is cited in the application. Second, the Court recognizes that there is a serious dispute between Weeks, Mullanax, and Parker. However, Mullanax appears to recognize the various attorneys seeking payment from the settlement proceeds (including Parker), because he has requested that the Court hold a status conference with himself, David Doyle, Parnell Fox, Parker, and Smith-Johnson. See Doc. No. 181. While the Court has declined that request, the fact that Mullanax made the request indicates that he is cognizant of the claims and wants to somehow address them. Third, the Court is in the dark on the status of the settlement. It is unknown if there is a truly enforceable agreement, let alone whether payment of any funds (be they compensatory funds for Weeks or attorneys' fees for the numerous attorneys involved) is imminent. The fact that over 50 days have passed without dismissal of this case does not indicate that a payment is forthcoming. Fourth, as discussed in the March 8 order, without more from the parties, the Court is disinclined to deal with this ancillary fee dispute. Unless the parties explain why it is necessary or advisable for the Court to exercise ancillary jurisdiction, it is inappropriate to order an unknown amount of hypothetical funds to be deposited in the Court's registry. Finally, Parker does not explain the basis for her claim that the parties would face multiple lawsuits. If this case were proceeding in state court, another lawsuit would occur of necessity (absent voluntary resolution) with respect to the liens. Moreover, as explained in the order, it is not clear if any of Weeks's attorneys have an enforceable claim for fees at this time.

### **ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's ex parte application (Doc. No. 182) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  March 8, 2018     _____

SENIOR  DISTRICT  JUDGE

2