# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR WEEKS,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>　　　　Defendant | CASE NO. 1:13-CV-1641 AWI JLT<br><br>ORDER ON MOTION FOR RECONSIDERATION<br><br>(Doc. No. 185) |

On March 8, 2018, the Court denied a motion by Weeks's counsel Kay Parker for an order appointing a receiver or for an order requiring deposit of funds. See Doc. No. 184. Parker requested that the Court issue an order that Union Pacific pay funds that are designated by a settlement agreement as attorneys' fees into the Court's registry so that a dispute over fees between Weeks's current and former counsel can be resolved by the Court. See id. The Court denied the motion because: (1) the motion was unsupported by citation to any authority; (2) Mr. Mullanax, who apparently would receive the funds, had requested Court involvement and recognized the various claims made by former attorneys to the funds; (3) there was no indication that any funds would be imminently distributed; (4) an assertion that multiple lawsuits would be faced by the parties was not explained; and (5) as explained in a previous order, the Court was disinclined to exercise ancillary jurisdiction over this one-sided fee dispute.

Also on March 8, 2018, Parker filed a motion for reconsideration of the order denying a receiver/deposit. See Doc. No. 186. Parker declares that Union Pacific's senior counsel, Kathy

Hughes, informed her that a Settlement and Release Agreement is out for execution by the parties, Mr. Mullanax has the Agreement, and it is anticipated that a final resolution will be reported shortly. See id. Parker states that Hughes believes that the attorneys' fees should be deposited with the Court because that course "makes sense" under the circumstances.[1] See id.

The Court gave five reasons why it was denying the request for receiver/deposit. At best, the motion for reconsideration addresses one reason. However, simply because a draft agreement is out for signature does not mean that a payment of attorneys' fees will immediately occur. Moreover, even if payment of funds was imminent and near, the other reasons stated in the Court's order remain valid, and the motion for reconsideration does not address those other reasons.[2] In particular, the failure to address the Court's disinclination to exercise ancillary jurisdiction over this vexatious one-sided fee dispute is not addressed, and that is a significant consideration. Cf. Moore v. Telfon Communications Corp., 589 F.2d 959, 967 (9th Cir. 1978). Therefore, the motion for reconsideration will be denied.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: March 9, 2018

_____
SENIOR DISTRICT JUDGE

---

[1] It is not clear what is meant by the "circumstances" of this case. While there is a dispute between Weeks's counsel as to fees, the full extent of that dispute and the nature of any negotiations between counsel is unknown. Further, the Court notes that there is no explanation of what Mr. Mullanax would do or has threatened to do with the funds, rather there is and only has ever been a vague and unarticulated fear that Mr. Mullanax would do something improper, illegal, or unethical. Furthermore, even if Mr. Mullanax received the attorneys' fees funds, it is unclear how that would extinguish or impair the enforceability of any valid liens or other claims by any counsel that may exist.

[2] The Court again notes an absence of authority cited in the motion for reconsideration.