# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR WEEKS,<br><br>    Plaintiff<br><br>    v.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>    Defendant | CASE NO. 1:13-CV-1641 AWI JLT<br><br>**ORDER ON AMENDED NOTICE OF TERMINATION OF ATTORNEY, ORDER ON EX PARTE REQUEST FOR HEARING, ORDER REINSTATING NOTICE OF WITHDRAWAL, AND ORDER ON MOTION TO STRIKE NOTICES OF LIENS**<br><br>(Doc. Nos. 170, 181, 188, 191) |

In February 2018, Weeks's two former counsel (David Doyle and Parnell Fox), filed notices of liens in light of a pending settlement agreement. Weeks's counsel Kay Parker filed a motion to strike the notices of liens. See Doc. No. 170.

On March 5, 2018, Weeks's other counsel, Greg Mullanax, filed a notice of termination of Parker and a withdrawal of the motion to strike. Parker filed an objection.

On March 8, 2018, the Court issued an order that did not accept the notice of termination or the withdrawal of the motion to strike, permitted Weeks to file an amended notice of termination, and ordered the parties to file a status report. The Court also denied a motion to appoint a receiver or to order attorneys' fees funds deposited with the Court.

On March 12, 2018, Weeks filed an amended motion to terminate Parker. See Doc. No. 188. The amended notice is signed by Weeks, explains that Weeks terminated Parker on March 5, 2018, and that Weeks does not wish Parker to represent him any further in this case. See id. The notice includes declarations from Weeks and Mullanax, as well as copies of text-messages and e-mails between Mullanax, Parker, Weeks, and third parties. See id. Of note, Mullanax states that he wishes to hold the disputed funds in a separate account until either a court orders disposition of the funds or the respective parties reach an agreement. See id.

Parker responded by filing an objection to the notice the same day. Parker states that she intends to file a request for hearing that is supported by authority in the next one or two days, she wishes to question Mullanax and Weeks under oath because there is allegedly perjury on the face of the declarations, she wishes to question Weeks about double fee liability by his two concurrent fee agreements with her and Mullanax, and she wishes to reiterate her request for disputed funds to be deposited with the court. See Doc. No. 189.

On March 14, 2018, Parker filed an ex parte request for a closed hearing. See Doc. No. 191. Parker stated that she learned from defense counsel that the settlement agreement has been signed and Mullanax has refused Parker's request to produce the agreement. See id. Parker states that a hearing is necessary because it is clear that Weeks has not read or did not understand what was written in his declaration regarding termination, other unspecified statements show that Parker is under stress, duress or undue influence, the agreement needs to be approved with respect to released claims, recovery versus potential recovery, and allocation of settlement funds between interested parties. See id. No authority is cited in the application.

*Discussion*

1. Amended Notice of Termination

In California, a client has an absolute right to terminate an attorney at any time with or without cause. See FSLIC v. Angell, Holmes, & Lea, 838 F.2d 395, 396 (9th Cir. 1988); Heller Ehrman LLP v. Davis, Wright, Tremaine LLP, 527 B.R. 24, 41 (N.D. Cal. 2014); Fracasse v. Brent, 6 Cal.3d 784, 790 (1972); see also Heller Ehrman LLP v. Davis, Wright, Tremaine LLP, --- Cal.5th ---, 2018 Cal. LEXIS 1122, *21 (2018). Weeks has made it clear that he terminated Parker as his attorney on March 5, 2018. See Doc. No. 188-2.

Parker's allegations of perjury, duress, undue influence, and improper advice do not change the fact that she has been terminated, as Weeks's right to terminate her employment is absolute. See Fracasse, 6 Cal.3d at 790; In re Hardenberg's Estate, 6 Cal.2d 371 (1936) (attorney substitution permitted despite allegation from substituted attorney that the client had been misled, bribed, or blackmailed into requesting substitution because, despite the serious allegations, "it is none the less the right of a litigant to change attorneys at any stage of a proceeding."); Estate of

1  Cazaurang, 1 Cal.2d 712, 713 (1934) ("We are not at liberty to weigh the reasons which may have
2  prompted petitioner to ask for a change of her attorneys. Our only duty is to pass upon her legal
3  right to make such change."). Further, the amended motion of termination and Mullanax's
4  declaration show that any attorneys' fees funds received as part of the settlement will be placed in
5  a separate trust account under Mullanax's control until a court orders disposition of the funds or
6  the respective parties reach an agreement. As the amended notice of withdrawal shows, Mullanax
7  is attempting to reach agreement with all former counsel (Parker, Doyle, Fox, and Smith-Johnson)
8  over the disputed fees. There is nothing that appears improper about this procedure. Because it is
9  clear that Weeks terminated Parker as of March 5, 2018, the Court will overrule objections to the
10 notice of termination and order the clerk to terminate Parker as attorney of record.[1]

## 2. Notice of Withdrawal & Motion To Strike

Because Weeks filed an amended notice of withdrawal of the motion to strike notices of liens at a time when Parker was terminated, the Court will order the amended notice of withdrawal (Doc. No. 181) to be reinstated. With the reinstatement, the Court will grant the withdrawal, but will continue to deny a status conference with all former counsel at this time.

## 3. Ex Parte Request For Hearing

There is an insufficient basis identified or supported for the Court to order a hearing. Because Parker has been terminated by Weeks, her role in representing Weeks or in obtaining any necessary Court approval of the settlement has ended. Furthermore, as stated on several occasions now, the Court does not intend to exercise ancillary jurisdiction at this time over the fee dispute between Weeks and current and former attorneys. Despite the Court citing authority and its rationale, as well as noting Parker's failure to cite any authority or to address the Court's cited authority and rationale, Parker again requests that the Court involve itself in this fee dispute and again fails to cite any relevant authority or the Court's cited authority and rationale. Finally, Parker identifies one statement in Weeks's declaration that is allegedly false (that Parker did not attend the second mediation). False statements in a declaration are a concern. However, the material point of Weeks's declaration is not who attended which mediation sessions, it is his

---
[1] The Court notes Parker has cited no authority in support of her objections to termination or her request for a hearing.

confirmation that he terminated Parker. The allegedly false statement does not impact Parker's termination. Given the above, Parker's ex parte request for a hearing will be denied.

4. Status Report

Mullanax's declaration indicates that there is now a fully executed settlement agreement between Weeks and Union Pacific, and that the settlement provides for a separate payment of attorneys' fees funds so that Weeks may receive the funds that he personally needs. The Court will still require a status report from Union Pacific and Weeks to address the matters previously identified in the March 8 order, but the parties should also address when dismissal papers can reasonably be expected. Because of Parker's termination, a status report from her is no longer needed.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Per the amended notice of termination (Doc. No. 188), the Clerk shall terminate Kay Parker as attorney of record for Trevor Weeks;
2. Weeks's amended notice of withdrawal (Doc. No. 181) is REINSTATED;
3. Weeks's motion to strike notices of liens (Doc. No. 170) is DENIED as withdrawn;
4. Parker's ex parte request for a hearing (Doc. No. 191) is DENIED; and
5. Attorneys Mullanax and Castillo shall file status reports, consistent with this order and the March 8, 2018 order (Doc. No. 185).

IT IS SO ORDERED.

Dated:   March 14, 2018

_____
SENIOR DISTRICT JUDGE