# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR WEEKS,<br><br>    Plaintiff<br><br>    v.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>    Defendant | CASE NO. 1:13-CV-1641 AWI JLT<br><br>ORDER FOLLOWING STATUS REPORTS AND ORDER CORRECTING DOCUMENT No. 195 *NUNC PRO TUNC* |

### *DOCUMENT CORRECTION*

It has come to the attention of the Court that Doc. No. 194 contains a typographical error. At Page 2 Lines 11 to 12, the sentence in relevant part reads: ". . . other unspecified statements show that Parker is under stress, duress or undue influence . . . ." The sentence should read: ". . . other unspecified statements show that *Weeks* is under stress, duress or undue influence . . . ." The Court will order this typographical error be corrected *nunc pro tunc*.

### *FURTHER PROCEEDINGS*

On March 14, 19, and 21, 2018 the Court received status reports from Union Pacific and Weeks.

Union Pacific confirms that there exists a signed settlement agreement that resolves all claims in this case. See Doc. No. 198. Union Pacific also states that a portion of the settlement is

| | |
|---|---|
| 1 | allocated to the payment of attorneys' fees, that the fees will be paid to and maintained by Greg |
| 2 | Mullanax, and that the fees will be maintained by Mullanax until either a court orders |
| 3 | disbursement or the interested parties (Mullanax, Kay Parker, David Doyle, Parnell Fox, and |
| 4 | Smith-Johnson, Inc.) reach an agreement. See id. Union Pacific states that all funds should be |
| 5 | paid by the end of March, and that it does not wish to have any involvement in the fee dispute |
| 6 | between Weeks's counsel. See id. |
| 7 | Weeks's status reports confirmed that there is a final signed settlement agreement between |
| 8 | the parties. See Doc. No. 193. The disputed attorneys' fees will remain in Mullanax's trust |
| 9 | account until a court orders disbursement or the interested parties (Mullanax, Kay Parker, David |
| 10 | Doyle, Parnell Fox, and Smith-Johnson, Inc.) reach an agreement. See id. Weeks states that it is |
| 11 | important to understand that the parties are willing to negotiate the their liens. See Doc. No. 200. |
| 12 | Weeks urges the Court to exercise ancillary jurisdiction to schedule a settlement conference with |
| 13 | the Magistrate Judge, because with only one exception, the interested parties have expressed a |
| 14 | willingness to negotiate. See id. It is likely that the matter can be resolved through a settlement |
| 15 | conference with a magistrate judge. See id. Weeks states that if the settlement is not successful, |
| 16 | then the Court at that time could decline to exercise ancillary jurisdiction. See id. Permitting the |
| 17 | settlement conference would promote justice and judicial efficiency. See id. |
| 18 | From the above, it is apparent that the claims between Union Pacific and Weeks have been |
| 19 | resolved through a signed settlement agreement. Therefore, it is appropriate for this case to come |
| 20 | to an end. The only remaining dispute has absolutely nothing to do with the Weeks's resolved |
| 21 | claims against Union Pacific, instead it is a fee dispute involving Weeks's former counsel. The |
| 22 | Court has explained in a prior order that it has the discretion to decline to exercise ancillary |
| 23 | jurisdiction over this dispute and that it is disinclined to exercise that jurisdiction. See Doc. Nos. |
| 24 | 184, 187, 199. The parties have not convinced the Court to change its mind. Although Mullanax |
| 25 | states that the parties are willing to negotiate, the allegations involved among the attorneys, some |
| 26 | arguably questionable amounts for various liens, and the fact that no resolution has been reached |
| 27 | to date despite a willingness to negotiate, all confirm this Court's initial conclusion that this |
| 28 | dispute belongs either in the state court system or the State Bar of California (including the State |

Bar's mandatory fee arbitration program). Furthermore, the Court is unaware of an ability to abruptly stop exercising ancillary jurisdiction once it has been exercised. Therefore, the Court will not exercise ancillary jurisdiction over the fee dispute.

Because it is appropriate for this case to end, the Court will take guidance from the Local Rules. Local Rule 160(b) requires the filing of dismissal papers within 21 days of a notice of settlement. The Court will view the status reports as amended settlement notices. The parties will be required to file dismissal papers within 21 days of service of this order. The failure to timely file dismissal papers will result in the *sua sponte* dismissal with prejudice of this case. See Local Rule 160(b). Between now and the 21 day deadline, if the parties wish to contact the Magistrate Judge to try and resolve their dispute on a purely voluntary basis, the Court will not prohibit them from doing so. However, the Court will issue no orders requiring participation in a settlement conference before the magistrate judge, is not ordering the interested parties to contact the magistrate judge, will not entertain any motions for reconsideration of any conduct by the magistrate judge regarding settlement, and will accept no further applications or motions or responses from any interested parties regarding the fee dispute. Irrespective of schedules or outcomes of any voluntary dispute resolution actions of the interested parties, the 21 day deadline for dismissal papers will be followed. To be clear, the Court will not exercise ancillary jurisdiction over this fee dispute.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Court's March 14, 2018 Order (Doc. No. 194) at Page 2 Lines 11-12 is CORRECTED *NUNC PRO TUNC* to now read: ". . . other unspecified statements show that *Weeks* is under stress, duress or undue influence . . . .";

2. Pursuant to Local Rule 160(b), Plaintiff and Defendant shall file dismissal papers within 21 days of service of this order;

3. The failure to timely file dismissal papers will result in the *sua sponte* dismissal of this matter with prejudice and without further notice; and

3

4. As discussed above, while the parties will not be prohibited from contacting the magistrate judge on a purely voluntary basis, the Court will not accept any further filings relating to the fee dispute between Plaintiff's respective counsel (current and former) and DECLINES to exercise supplemental jurisdiction over said fee dispute.

IT IS SO ORDERED.

Dated:   March 22, 2018              _____
                                                          SENIOR DISTRICT JUDGE