Kay McKenzie Parker (SBN 143140)
Law Office of Kay McKenzie Parker
1999 Harrison Street, 18th Fl.
Oakland, CA 94612
Telephone: (510) 496-4722
Facsimile: (510) 496-4601
kay@mckenzieparker.com

Former Attorney for Plaintiff
and Intervenor, *Pro Se*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR WEEKS,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br>a Delaware Corporation,<br><br>　　　　　　Defendant. | Case No. 13-cv-01641-AWI-JLT<br><br>**MOTION TO INTERVENE FOR LIMITED PURPOSE OF MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br><br>Hon. Anthony W. Ishii<br>United States District Judge |

### INTERVENOR KAY M. PARKER
### MOTION TO INTERVENE FOR LIMITED PURPOSE
### OF MOTION FOR ATTORNEY'S FEE AND COSTS

**I. Introduction**

Movant Kay Parker (Parker) is a former attorney for Plaintiff Trevor Weeks (Weeks) in this action and she represented Weeks from August, 2015 to after the case settled and she was terminated on or about March 8, 2018 – i.e., more than 2-1/2 years without pay and on a

contingency fee basis, prosecuting Weeks's employment claims under the Americans with Disabilities Act (ADA) and the California Fair Employment and Housing Act (FEHA), federal and state statutes with fee-shifting provisions.

Parker respectfully moves pursuant to Rule 24 of the Federal Rules of Civil Procedure to intervene into this action for the limited purpose of bringing her motion for attorney's fees and costs, as a person whose intervention is of right because the interest is vested but unprotected and unrepresented by Weeks or any other interested person. Therefore, the interest will be impaired if Parker is not permitted to intervene. See Fed. R. Civ. P. 24 (a) (2). However, because attorney fee issues are governed by State law, the motion to intervene may also be limited to a motion for fees under California law, including the FEHA. See California Supreme Court case *Flannery v. Prentice (2001) 26 Cal.4th 572, 110 Cal.Rptr.2d 809* ["the attorneys' fees belong to the attorneys who labored to earn them."]

In the alternative, Parker should be granted leave to intervene because: (1) Parker's claims against Union Pacific Railroad Company (Union Pacific) for attorney's fees and costs share with this action common questions of law and fact; and (2) this action involves the adjudication and interpretation of the federal and state civil rights laws upon which the case was brought.

When Weeks terminated Parker after the case was won and settled, it became apparent that Parker's interests in her attorney's fees and unreimbursed costs have become greatly impaired. According to the contingency fee agreement between Weeks and Parker, an express lien was granted to Attorney Parker for her work and for costs advanced. According to the contingency fee agreement, Attorney Parker may associate co-counsel into the case and the

contingency fee would pay to any and all such associated co-counsel a proportionate share of the contingency fee based on work performed in the case. Attorney Parker associated Greg Mullanax into the case who has now become the only attorney of record for Weeks and, based on Declaration Testimony filed by Weeks and Mullanax, testifying that Ms. Parker did not attend the 2nd mediation, it is clear that her interest is greatly impaired because not only did she attend the full day of the 2nd mediation on January 4, 2018 but she rode in the car along with Mullanax and Weeks who picked her up at an attorney friend's house in Fresno where she had traveled the previous night. (See Declaration Kay Parker.) These actions by Weeks and Mullanax demonstrate clearly that Parker's interest is not represented but, to the contrary, is greatly impaired.[1]

II. **Legal Analysis**

1. The 9th Circuit interprets broadly the liberal policy of Fed.R.Civ.P. 24 (a)(2) towards allowing **intervention as of right,** especially when there would be no prejudice to other interested parties. *Wilderness Soc. v. U.S. Forest Service*, 630 F.3d 1173, 1179 (9th Cir. 2011), *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

The following factors are included in the 9th Circuit consideration of whether intervention of right is appropriate:

**A. Timeliness.** Here, intervention is timely because it is solely for the limited purpose of Parker's motion for attorney's fees *after* resolution of the case.

---

[1] There are many other statements and actions taken by Weeks with the assistance of Mullanax that clearly indicate that Parker's interest is greatly impaired; however, those actions will not be disclosed at this time, as Mr. Weeks' actions are protected by attorney-client confidentiality regulations.

**B. Whether the Interest is Substantial.** During the past 2-1/2+ years, Parker was the sole attorney (for all intents and purposes) who was litigating Weeks's case against Union Pacific's vigorous defense by its current defense firm in addition to its previous defense firm. Parker's work hours were dedicated mainly to this case. Her interest is substantial.

**C. Whether Intervention is Necessary.** As previously discussed, Parker's substantial interest in recovering her attorney's fees and costs is not represented.

**D. Whether the Existing Parties Can Protect the Interest.** As previously discussed, Parker's substantial interest in recovering her attorney's fees and costs is not only unrepresented, but it is also unprotected, as shown by the actions and testimony by Weeks with the assistance of Mullanax. Moreover, Mullanax's work is unknown to Parker because he has not done any motions or pleadings in this case. In addition, Mullanax has not shown Parker any drafts by him and, Rule 54 of the Federal Rules of Civil Procedure has specific requirements that must be followed.

2. **In the alternative, Parker should be allowed to Intervene by Permission.**

Pursuant to Rule 24(b)(2), Parker may be granted leave to intervene by permission – under circumstances like these where the claim "[i]s based on [a] statute…" Fed.R.Civ.P.24(b)(2). Here, the claim for fees is based on the fee shifting provisions in the ADA and the FEHA. "In exercising its discretion" a court "must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed.R.Civ.P.24(b)(3). The parties have already adjudicated the case and they have notified the Court that there is a settlement agreement between them. Therefore, there is no delay and no interference with the adjudication of the matter.

## CONCLUSION

For the foregoing reasons, Parker respectfully submits that she should be able to intervene as of right or, in the alternative, the Court should allow permissive intervention.

Respectfully submitted,

Date: March 25, 2018

*/s/ Kay McKenzie Parker*
_____
Kay McKenzie Parker, Interventor

## DECLARATION OF KAY M. PARKER

I, KAY M. PARKER, declare as follows:

1. I am an attorney at law duly licensed by the State of California and a member in good standing of this Court. I am a former attorney for Plaintiff Trevor Weeks and I have personal knowledge of the facts stated herein.

2. Based on statements made by Mr. Weeks and Mr. Mullanax that are shocking to me – to wit, that I did not attend the 2nd mediation – when I not only attended the full day session, but they picked me up in Fresno and we rode together to the mediation and were together all day from 8 to after 5, I do not feel that my interest is protected in this case. There are other factual bases for this statement; however, they have confidentiality protections.

3. I will await the Court's ruling on this motion before filing my motion for attorney's fees because I'm trying not to violate another Order of this Court, as I recently did.

I declare under penalty of perjury under the laws of the United States that the above information is true and correct.

Date: March 25, 3018

*/s/ Kay McKenzie Parker*
_____
KAY McKENZIE PARKER