# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR WEEKS,<br><br>    Plaintiff<br><br>    v.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>    Defendant | CASE NO. 1:13-CV-1641 AWI JLT<br><br>ORDER ON MOTION TO INTERVENE, ORDER STRIKING MOTION, AND ORDER TO SHOW CAUSE<br><br>(Doc. Nos. 204, 205) |

    On March 22, 2018, the Court issued an order that *inter alia* gave the parties 21 days in which to file dismissal papers, informed the parties that the Court would not be exercising ancillary jurisdiction over the fee dispute among Plaintiff's counsel, and stated that "no further applications or motions *or responses from any interested parties regarding the fee dispute*" would be accepted. See Doc. No. 201. The same day, Plaintiff's former counsel Kay Parker filed a declaration that responded to a status report by Plaintiff's attorney of record and the March 22, 2018 Order.

    On March 23, 2018, the Court issued an order that struck Parker's declaration. See Doc. No. 203. The Court found that Parker's declaration was precisely the kind of filing that was proscribed by the March 22 Order. Citing Local Rule 110, the Court warned Parker that further filings that violated the Court's March 22 Order would be grounds for sanctions.

    On March 26, 2018, Parker filed a Rule 24 motion for intervention as a matter of right and alternatively for permissive intervention. See Doc. No. 204. Parker argues that she has a right to intervene based on the attorney's fees that she is due and that if intervention is not permitted, her interest in her earned fees will be impaired. See id.

*Legal Standard*

Federal Rule of Civil Procedure 24(a) reads in relevant part: "On timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parites adequately represent that interest." Fed. R. Civ. P. 24(a)(2). "[A]n intervenor is admitted to the proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues or compel an alteration of the nature of the proceeding." Vinson v. Washington Gas Light Co., 321 U.S. 489, 498 (1944); see also Southwestern Pa. Growth Alliance v. Browner, 121 F.3d 106, 121 (3d Cir. 1997); United States v. Blue Lake Power, 215 F.Supp.3d 838, 844 (N.D. Cal. 2016).

Federal Rule of Civil Procedure 24(b) reads in relevant part: "On timely motion, the court may permit anyone to intervene who . . . (B) has a claim . . . that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention requires: "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." Freedom from Religion Foundation v. Geithner, 644 F.3d 836, 843 (9th Cir. 2011). District courts have broad discretion to deny permissive intervention. Donnelly v. Glickman, 157 F.3d 405, 412 (9th Cir. 1998).

*Discussion*

With respect to intervention as a matter of right, the "transactions" that are the subject of this case are the employment practices of Union Pacific in relation to Plaintiff. Parker's interest in attorney's fees has absolutely nothing to do with those "transactions." The Court has explained that the attorneys' fee dispute is an ancillary matter, the Court has the discretion to decline to exercise ancillary jurisdiction, and that the Court was not exercising ancillary jurisdiction. See Doc. Nos. 184, 187, 194, 201, 203. Therefore, the attorneys' fee dispute is not part of this case. Parker's intervention would improperly enlarge the proceedings beyond where they currently stand. See Vinson, 321 U.S. at 498; Blue Lake, 215 F.Supp.3d at 844. Because Parker's motion is contrary to the plain language of Rule 24 and relevant case authority, it will be denied.

With respect to permissive intervention, Parker has not demonstrated that intervention is proper. First, Parker has failed to demonstrate an independent ground for jurisdiction. The claims that she has would be state law contract and quasi-contract claims against Plaintiff, and both Plaintiff and Parker are California citizens. Second, Parker's claims for attorneys' fees do not share a common question of law or fact with the underlying case. Again, Parker's claims are based on state law contract or quasi-contract theories and run against Plaintiff. The underlying case before the Court was an employment dispute under state and federal law between Plaintiff and Union Pacific. Third, the motion is not timely. On March 8, 2018, the underlying case between Plaintiff and Union Pacific was completely settled, and will be dismissed in less than 21 days from now. See Doc. No. 193. Fourth, the Court has previously determined that it would not exercise ancillary jurisdiction over the fee dispute between Plaintiff's various counsel. See Doc. Nos. 201, 203. Permitting Parker to intervene would be contrary to this determination. In sum, Parker's motion for permissive intervention will be denied.[1] See Donnelly, 157 F.3d at 412.

*Order To Show Cause*

As explained above, the Court warned Parker that further filings that violated the March 22 Order would be grounds for sanctions. See Doc. No. 203. Parker's Rule 24 motion is meritless and relates to the attorneys' fee dispute between Plaintiffs' various counsel. Thus, the motion violates the March 22 and March 23 Orders. The Court cited authority and explained its rationale for declining ancillary jurisdiction over the fee dispute. No interested party, including Parker, has adequately addressed that rationale and cited authority. As a result, the Court yet again reiterates that it will not exercise ancillary authority over the fee dispute. The Court thought it had made itself clear when it *repeatedly and expressly* said so in the March 22 and 23 Orders. Despite this, Parker filed this motion to intervene and continues to try and obtain Court intervention over the fee dispute. In an effort to ensure that its orders will be obeyed from this point forward, the Court will strike the motion to intervene and order Parker to show cause why she should not be sanctioned for violating the Court's March 22 and 23 Orders.

---

[1] The Court notes that Parker states that Mullanax has not shown her a draft of any dismissal, despite Rule 54's requirements. It is unclear why Parker references Rule 54. Because a fully executed settlement is in place, dismissal would normally be accomplished through Rule 41(a)(1)(A)(ii).

3

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Attorney Parker's motion to intervene (Doc. No. 204) is DENIED;
2. Parker's motion to intervene (Doc. No. 204) and proposed order on the motion to intervene (Doc. No. 205) are STRICKEN;
3. Within seven (7) days of service of this order, Parker shall show cause in writing why she should not be sanctioned for violating the March 22 and March 23, 2018 Court Orders.[2]

IT IS SO ORDERED.

Dated:   March 27, 2018

_____
SENIOR DISTRICT JUDGE

---

[2] Once the Court has Parker's response, if the Court determines that a hearing is necessary, the Court will order a hearing at that time.

4