KAY McKENZIE PARKER (SBN 143140)
Law Office of Kay M. Parker
1999 Harrison St., 18th Fl.
Oakland, CA 94612
Tel. (510) 496-4722
Fax (510) 496-4601
Email: kay@mckenzieparker.com

Applicant-Claimant
Former Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR WEEKS,<br><br>    Plaintiff,<br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br>a Delaware Corporation,<br><br>    Defendant. | Case No. 13-cv-01641-AWI-JLT<br><br>**PARKER'S RESPONSE TO ORDER TO SHOW CAUSE (DOC. NO. 206) RE MOTION TO INTERVENE FOR LIMITED PURPOSE OF MOTION FOR** ATTORNEY'S FEES<br><br><br>Hon. Anthony W. Ishii<br>Senior District Judge |

## I. <u>INTRODUCTION</u>

On 3/27/2018 the Court issued an Order to Show Cause (OSC) why sanctions should not be imposed against Kay Parker, Plaintiff's former attorney (Parker), for filing a motion to intervene for attorney's fees (Doc. No. 206). Parker submits this Response to the OSC along with her Declaration in Support of the Response. The OSC states, "On March 22, 2018, the Court [i]nformed the parties that

the Court would not be exercising ancillary jurisdiction over the fee dispute among Plaintiff's counsel and [t]hat "no further applications or motions or responses from any interested parties regarding the fee dispute" would be accepted."[1] (Id., 1:14-18). Further, the Court found that "Parker's Rule 24 motion is meritless and relates to the attorneys' fee dispute between Plaintiff's various counsel." (Id., 3:16,17)

For the following reasons, Parker respectfully submits that the Court should not impose sanctions against her.

## II. POINTS AND AUTHORITIES

1. The motion to intervene (Doc. No. 204) at 2:16-21 states that Parker's proposed motion for attorney's fees is against Defendant Union Pacific Railroad Company under the fee shifting provisions of the civil rights statutes under which the case was litigated – in particular California Government Code §12965(b) of the Fair Employment and Housing Act (FEHA), administered by the Department of Fair Employment and Housing (DFEH) that provides, in part, as follows: "In civil actions brought under this section, the Court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees".[2]

---

[1] Ms. Parker apologizes that her motion to intervene for the limited purpose of filing a motion for attorney fees under the fee-shifting provision of FEHA apparently did not emphasize that it is a motion solely against Defendant Union Pacific Railroad Company and ***not*** against Plaintiff or Plaintiff's former or current counsel.

[2] Under FEHA, absent an enforceable agreement to the contrary statutory fees belong to the attorney. *Flannery v. Prentice,* 26 Cal.4th 572 (2001). Because the case was litigated under both the federal Americans with Disabilities Act and the state FEHA, Ms. Parker may elect to claim fees under FEHA only and it is this property interest in the case that she is seeking to protect by intervening into the action at this time for the limited purpose of filing a motion for the statutory fees to be paid by Defendant Union Pacific Railroad Company, pursuant to Rule 54(d) which provides the timing and other procedural requirements for the motion.

2

2. Fed. R. Civ. P.54 (d)(2)(A) provides as follows: "A claim for attorney's fees and related nontaxable expenses **must be made by motion** unless the substantive law requires those fees to be proved at trial as an element of damages". (Emph. added.) Subd. (B) provides, in part, that "[t]he motion must … be filed no later than 14 days after the entry of judgment' .. or order dismissing pursuant to settlement – a dispositional event that has not yet occurred in this case. Consequently, the only procedural mechanism for the claim for attorney's fees is **by motion** because the substantive fee-shifting FEHA statute does **not** require a trial on the attorney's fees claim, ["the Court … may award to the prevailing party …reasonable attorney's fees and costs, including expert witness fees,"].**[3]**

3. The exercise of the Court's supplemental jurisdiction over the FEHA claims in federal court placed the matter squarely within the realm of California substantive law. "When a federal court has pendant jurisdiction over the plaintiff's state law discrimination claim, state substantive law governs the merits of that claim." *Crommie*, *supra*, 840 F.Supp. at 721 (interpreting FEHA), *citing United States Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). "Whether a plaintiff is entitled to an award of attorney's fees is a question of substantive law and therefore is governed by state law. *Id.* See also *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 259 n.31 (1975) (if a fee award is sough in federal court based on a state attorney fee statute, state law on attorneys' fees applies).

---

**[3]** Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), this court must apply state substantive law in passing on Ms. Parke's fees claim, and federal procedural law. *Crommie v. PUC*, 840 F. Supp. 719, 721 (N.D. Cal. 1994), *aff'd sub nom Mangold v. PUC,* 67 F.3d 1470 (9th Cir. 1995). Under controlling California substantive law, and federal procedure, Ms. Parker must be permitted to intervene to protect her rights to a few award against Union Pacific.

3

4. Parker has standing to enforce her interest in fees recovery under federal civil procedure. *Lindelli v. Town of San Anselmo*, 139 Cal.App.4th 1499 (2009) concerned state intervention under the more rigorously interpreted CCP § 387; its logic is equally applicable to an attorney's right to intervene under Federal Rule of Civil Procedure 24. Notably, *Lindelli* built on the California Supreme Court's decision in *Flannery, supra*, specifically disavowing the contrary decision in *Churchill Village v. General Electric*, 361 F.3d 566, 578-580 (9th Cir. 2004)[4], 139 Cal.App.4th at 1513. In *Lindelli*, the Remecho Firm successfully intervened and asserted its fee claims pursuant to CCP § 1021.5 (the private attorney general statute) after completion of services likely performed under a written contract. In *Flannery*, plaintiffs' attorneys asserted their fee claims against defendant under FEHA as a kind of quantum meruit claim as they had, or could prove, no contract. 26 Cal.4th at 577. Fortunately, *Lindelli* forecloses any further speculation on the matter.

**5. <u>There is no dispute among Plaintiff's counsel on Parker's motion seeking statutory fees solely for her work and her costs</u>**. Plaintiff's other counsel have not sought to claim statutory fees and Ms. Parker's fees are based solely on her own work and her own costs under FEHA. To the contrary, Parker informed Plaintiff's other counsel at the time she requested each of them to work with her on the case that she is accustomed to being paid fees and costs from the non-prevailing party under the fee-shifting civil rights laws instead of taking funds from the Plaintiff's recovery. This is outlined in the attorney-client agreement. (Smith-Johnson's representation agreement with the Plaintiff – ie/, Atty. Willie J Smith, deceased, contains similar language.) See Declaration of Kay Parker ("Parker Declaration"). These are the only two attorney-client agreements that were in effect during the litigation of the case between the parties.

---

[4] As *Pony v. County of Los Angeles*, 433 F.3d 1138 (9th Cir. 2006) proceeds from the same line of cases – see id. at 1142 (citing *Churchill Village*). *Lindelli* also disavows its reasoning. *Lindelli,* and

6. The only "dispute" Parker has had with Plaintiff's other counsel related to their filing Notices of Attorney Liens in the case when Plaintiff requested them not to do so during negotiation of the settlement agreement. Parker moved to strike the liens. However, there is no longer any dispute about the motion to strike those liens and that matter has nothing to do with Parker's motion to intervene to request statutory fees as the prevailing party.[5]

7. In the Court's Order of 3/23/2018, the Court struck Parker's Declaration in Response to Plaintiff's Status Report which contained the statement that Parker was the only person refusing to settle, a republication of a previous false statement under penalty of perjury by Mullanax. However, the Court repeated Mullanax's statement in the Court's Order and the Court stated that no further response on the issue will be allowed to be filed in the case. In her Declaration in Response to Plaintiff's Status Report, Parker added a statement asking any other Plaintiff's counsel to come forward to dispel this untrue statement about her. The result was positive.[6] Plaintiff's other former counsel contacted Parker and informed her that they were not aware that she was not being informed about their settlement discussions with Mullanax. These counsel and Parker have complied with the Court's order to not file any further statements about their fee discussions.

---

not *Pony*, states the current position of California courts on the issue.

[6] The lie about her had now made its way into a Court Order. If Parker did not object, would she have potentially waived the objection? Parker does not believe that Mullanax's numerous malicious false statements being filed publicly about her are protected by the litigation privilege, being maliciously defamatory business disparagement against an attorney. Further, if the Court is inclined to impose sanctions against Parker for asking co-counsel to come forward with the truth, then she requests an evidentiary hearing on this matter.

8. Because this case was based on both federal and state law claims, the *Erie* doctrine dictates that state law governs the issuance of attorney fees.[7] Under the applicable California law, attorneys are "prevailing parties" with standing to seek section 12965 fees, provided no enforceable contract states otherwise.

9. The California Supreme Court clarified the meaning of "prevailing party" to mean the party receiving a "net monetary recovery" – even as a settlement. *DeSaulles v. Community Hospital of Monterey Peninsula*, 62 Cal. 4th 1140 (2016).

10. Here, for Rule 24 purposes, Ms. Parker has an interest in statutory fees under *Flannery*'s holding that FEHA fees belong to the attorneys who labored to earn them. Moreover, Ms. Parker holds a "direct and immediate interest" in a fee award in the case. *Lindelli,* supra, 139 Cal.App.4th at 1506.

11. As a result, Ms. Parker must be permitted to intervene – either to protect her interest in the "property or transaction which is the subject" of this action under Rule 24(a), or because her "claim or defense and the main action have a question of law or fact in common" under Rule 24 (b). *Venegas v. Skaggs*, 867 F.2d 527, 534 (9th Cir. 1989), is directly on point.[8]

12. The cases cited in the Court's Order to Show Cause do not disfavor Ms. Parker's position and they do not disagree with any of her above cited authorities.

　　A. In *United States v. Blue Lake Power*, 215 F. Supp.3d 828 (N.D. Cal. 2016), the Blue Lake Tribe was allowed to intervene in the action alleging violations of the Clean Air Act. However, the Tribe was not allowed to expand the causes of action beyond the Clean Air Act, as the Tribe wished to do – to add personal injury and property damages, etc. Here, Parker's claims are based on

---

[7] The *Erie* doctrine provides that federal courts apply state substantive law where, as here, jurisdiction is supplemental to a federal question under 28 U.S.C. § 1367. *Crowe v. Wiltel Communications Systems,* 103 F.3d 897, 899 (9th Cir. 1996) (discussing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)).

[8] See, *especially*, footnote 2 in that case.

6

the same causes of action as the litigation - the Americans with Disabilities Act and the California Fair Employment and Housing Act (FEHA).

B. In *Freedom from Religion Foundation v. Geithner*, 644 F.3d 836 (9th Cir. 2011), an activist group sued federal officials alleging that the parsonage was being favorably treated in violation of the Establishment Clause. A pastor sought to intervene as of right but was denied because his interest was already represented. However, the 9th Circuit Court held that it was error to rule that the pastor did not have standing, under the permissive intervention provision. This holding does not disfavor Parker's position. Parker's interest is clearly not represented in the current case.

C. In *Donnelly v. Glickman,* 159 F.3d 405 (1998), a class of male employees sought to intervene in a class of female employees who were alleging gender discrimination. They were denied intervention because they could not cite a protectable interest under any law. Here, Parker's interest in her attorney's fees is protectable under section 12965, *Flannery* and *Lindelli*.

This area of law is complicated; however, the 9th Circuit's liberal policy towards intervention should also govern the decision. Parker's motion to intervene for the limited purpose of filing her motion for attorney's fees is not meritless; and, as previously stated, she has previously intervened in the federal court as the prevailing party in other civil rights cases.

////
////
////
////
////
////

## CONCLUSION

Parker respectfully submits that her motion to intervene to file a motion for statutory FEHA fees is not meritless and it is not a fee dispute with Plaintiff's former and/or current counsel who have never discussed Parker's fee motion. (See Parker Declaration.) The Court's Orders have consistently emphasized that the Court will not exercise ancillary jurisdiction over Plaintiff's counsels fee dispute. Ms. Parker is not violating those Orders and she has not filed her motion for an improper purpose

For the reasons discussed above and in Parker's Declaration in Support of this Response, Parker respectfully submits that she has not disobeyed or disregarded the Court Order and she has acted in good faith in attempting to timely file her motion to intervene. To be sanctioned for filing a motion to intervene to file a motion for fees in a civil rights disability discrimination case would have a chilling effect on civil rights plaintiffs and their lawyers..

Respectfully submitted,

*/s/ Kay McKenzie Parker*

Date: April 2, 2018  _____

Kay McKenzie Parker
Applicant-Claimant
Former Attorney for Plaintiff