# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR WEEKS,<br><br>Plaintiff<br><br>v.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>Defendant | CASE NO. 1:13-CV-1641 AWI JLT<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(Doc. Nos. 204, 205) |

On March 26, 2018, Plaintiff's former counsel Kay Parker filed a Rule 24 motion for intervention as a matter of right and alternatively for permissive intervention. See Doc. No. 204. Parker argued that she has a right to intervene based on the attorney's fees that she is due and that if intervention is not permitted, her interest in those fees will be impaired. See id.

On March 27, 2018, the Court denied intervention as of right and permissive intervention. See Doc. No. 2016. As part of the order, the Court ordered Parker to show cause why sanctions should not be imposed for her filing the motion to intervene, because the Court viewed the motion as relating to the fee dispute between Plaintiff's counsel. See id.

On April 3, 2018, Parker timely filed her response. See Doc. No. 207. In her response, Parker clarifies that she was attempting to intervene pursuant to California authority that gave her individually an interest in the attorney's fees recovered. See id. Parker explains that the California Supreme Court held in *Flannery v. Prentice* that, in the absence of an agreement to the

contrary, attorney's fees recovered under Government Code § 12965(b) are the property of the attorney who labored to obtain the result. Also, in *Lindelli v. Town of San Anselmo*, the Court of Appeals extended *Flannery* to permit attorneys to intervene in order to obtain fees. Parker wishes to use Government Code § 12965(b), *Flannery*, and *Lindelli*, to intervene and seek fees against Union Pacific as a prevailing party. Parker also contends that a recovery through a net monetary recovery through a settlement is sufficient to be a prevailing party.

*Discussion*

After reviewing Parker's response, the Court will discharge the order to show cause. Parker's rationale for filing the motion to intervene has an arguable basis that would be consistent with the Court's order declining to exercise ancillary jurisdiction over the fee dispute. However, the Court does not find that the arguments and authority cited by Parker are sufficient for the Court to permit an amended motion to intervene or reconsider its decision to deny intervention.

In *Flannery*, the California Supreme Court held that, "attorney fees awarded pursuant to § 12965 (exceeding fees already paid) belong, absent an enforceable agreement to the contrary, to the attorneys who labored to earn them." Flannery v. Prentice, 26 Cal.4th 572, 590 (2001). *Flannery* also concluded that for purposes of attorneys' fees under FEHA, a plaintiff's attorney is considered a "prevailing party." See id. at 578. In the context of California Code of Civil Procedure § 1021.5 (a provision analogous to § 12965), one California court has permitted attorneys to intervene in a case in order to obtain fees that are due to them. See Lindelli v. Town of San Anselmo, 139 Cal.App.4th 1499, 1512-14 (2006) (relying on *Flannery*). However, also in the context of Code of Civil Procedure § 1021.5, the Ninth Circuit has found that attorneys do not have standing to seek fees on their own behalf and independent of their clients, despite *Flannery*. See Churchill Village, L.L.C. v. G.E., Inc., 361 F.3d 566, 578-80 & n.12 (9th Cir. 2004) ("Thus, rather than undermine our conclusion that § 1021.5 confers no legally enforceable interest on the attorneys themselves, *Flannery* clearly recognized that such an interest can arise only *after* the client authorizes his or her attorneys to seek fees on his or her behalf."). In this case, Weeks did seek claims under FEHA that would implicate § 12965. However, Parker has not shown that intervention is appropriate.

First, assuming *Churchill Village* remains good law,[1] that decision read *Flannery* narrowly as applying to resolution of a fee dispute between an attorney and a client over who was entitled to attorney's fees in the absence of an agreement. See Churchill Village, 361 F.3d at 579 n.12 ("The California Supreme Court carefully emphasized that it addressed only the 'narrow question . . . whether a party may receive or keep the proceeds of a fee award when she has neither agreed to pay her attorneys nor obtain from them a waiver of payment . . . .'" (quoting Flannery, 26 Cal.4th at 580-81)). That is not the nature of the dispute in this case, rather the dispute is either between Plaintiff's various counsel or Parker seeking to obtain fees from Union Pacific. Further, it appears that Weeks has not authorized Parker to seek to obtain fees on his behalf either as part of the settlement or an independent motion following settlement. Cf. id. Because the procedural posture of this case does not appear fit within the Ninth Circuit's view of *Flannery*, *Churchill Village* does not support Parker's request to intervene.

Second, apart from *Churchill Village*, in *Flannery*, a trial was conducted and fees were actually awarded to the plaintiff under § 12965. See Flannery, 26 Cal.4th at 575-76. In this case, there was no trial and there has been no award of damages or attorney's fees under §12965. This case was settled prior to trial. There is no indication that Union Pacific admitted liability under FEHA or designated a portion of the award to be paid pursuant to § 12965. Similarly, in *Lindelli*, that case was also actually litigated. Following a remand, the plaintiff declined to agree to file a motion for attorney's fees. See Lindelli, 139 Cal.App.4th at 1503-04. Despite the client's unwillingness to proceed, the attorneys were not terminated and they sought to intervene so that that they could pursue a motion for fees. See id. On appeal, the *Lindelli* court held that, with the refusal of the client to pursue fees, the attorneys could intervene under California procedural rules and *Flannery*. See id. at 1516. Here, again, no trials have occurred and California rules of intervention do not apply. The case at bar was resolved by settlement, and intervention is governed by Federal Rule of Civil Procedure 24. *Lindelli* itself noted that it was not deciding if

---

[1] *Lindelli* disagreed with and declined to follow *Churchill Village*. In light of *Lindelli*, at least one district court has declined to follow *Churchill Village*. E.g. Henderson v. J.M. Smucker Co., 2013 U.S. Dist. LEXIS 87030, *6-*7 (C.D. Cal. June 19, 2013). The Ninth Circuit has not overruled *Churchill Village*. Given the resolution of the matter before the Court, it is not necessary to decide whether *Lindelli* renders *Churchill Village* invalid.

the result would be the same if that case had involved a settlement. See id. at 1513 n.19. Other courts have noted this distinction. See Ruiz v. Cal. State Automobile Ass'n Inter-Insurance Bureau, 222 Cal.App.4th 596, 610 (2013).

Third, Parker cites *DeSaulles v. Community Hosp. of Monterey Peninsula*, 62 Cal.4th 1140 (2016) for the proposition that a "prevailing party" includes a party receiving a "net monetary recovery" even as a settlement. Parker's description of *DeSaulles* is incomplete. *DeSaulles* was interpreting the language of Civil Code § 1032(a)(4), which provides for costs to a prevailing party. *DeSaulles* specifically noted that it was only dealing with the definition of "prevailing party" under § 1032(a), and that the definition "does not necessarily apply to attorney fee statues or other statues that use the prevailing party concept." DeSaulles, 62 Cal.4th at 1147. The provision under which Parker seeks to recover her *fees* is Government Code § 12965, not Civil Code § 1032(a)(4).[2] Moreover, *DeSaulles* answered the question of whether the plaintiff or the defendant was entitled to costs, see id. at 1144; DeSaulles v. Community Hosp. of Monterey Peninsula, 225 Cal.App.4th 1427, 1431 (2014),[3] it did not involve an attorney's attempt to obtain fees or costs apart from her client. Parker has not demonstrated that either *DeSaulles* or § 1032(a) apply to her motion.

Fourth, Parker has noted that the Ninth Circuit case of *Venegas v. Skaggs*, 867 F.2d 527 (9th Cir. 1989), is relevant to intervention under Federal Rule 24. *Venegas* involved an attorney who represented the plaintiff along with co-counsel during a successful jury trial involving 42 U.S.C. § 1983 claims. See id. at 528-29. The attorney did not represent Venegas on appeal (the district court stayed proceedings relating to fees pending the appeal). See id. at 529. After the appeal, and at a time when Venegas stated that he had discharged the attorney, the attorney filed a motion to intervene with the district court to protect his interest in the fees. See id. Venegas's attorney relied on a contract provision that entitled him to file a motion for attorney's fees and to

---

[2] The plaintiff in *DeSaulles* brought common law and FEHA claims. See DeSaulles, 62 Cal.4th at 1145. However, at the time of settlement, the plaintiff was only permitted to proceed on two contract related claims. See id. Although the settlement provided for an appeal of the other dismissed claims, the appeal was unsuccessful. See id. at 1145-46.

[3] This California appeals court decision was depulished through the California Supreme Court's grant of review. The Court cites this decision to more clearly identify the issues that were raised by the litigants in that case.

4

intervene in order to protect his interest in the fees.  See id.  When the attorney attempted to intervene under Rule 24, the district court denied the motion, but addressed the merits of the contingency agreement.  See id. at 529-30.  The Ninth Circuit found that the district court should have permitted permissive intervention under Rule 24(b).  See id. at 530-31.  Although there would have been an absence of common facts or law, because the district court had addressed the merits of the contingency fee agreement, it was an abuse of discretion not to permit intervention.  See id. at 531.  The Ninth Circuit further noted that judicial economy weighed in favor of permissive intervention because the district court had involved itself in the fees issue through an award of fees and decisions regarding the contingency fee agreement.  See id.  Here, Plaintiff's case was not tried on the merits, and the Court has not addressed or ruled on the merits of any attorney's entitlement to fees or the merits of any contingency agreement.  Therefore, *Venegas* does not change the Court's decision to deny permissive intervention.

Finally, Parker indicates that she has intervened to obtain fees or obtained fees independent of her clients in other cases.  However, Parker does not identify the other cases or the procedural posture or rationale for intervention or obtaining the fees.  In the absence of this information, there is no basis to permit intervention.

In sum, the Court will not sanction Parker, but the Court will not reconsider its denial of her motion to intervene.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause (Doc. No. 207) is DISCHARGED; and
2. Parker's motion to intervene remains DENIED.

IT IS SO ORDERED.

Dated:   April 13, 2018   _____
　　　　　　　　　　　　　　SENIOR DISTRICT JUDGE